PEARSON, Respondent, *vs.* INLOW, Appellant.

1. A party may recover the value of timber cut upon his land, although by mistake he led the defendant to believe that he was cutting the timber on his own land. In such a case, where an action of trespass is commenced before a justice, by filing a complaint in the form of an account, the supreme court will not disturb a judgment for the plaintiff, the recovery being limited to the damages for the mere taking of the timber.

*Appeal from Audrain Circuit Court.*

Action originally commenced before a justice of the peace. The complaint filed was as follows :

" Abraham Inlow,

"To John A. Pearson, Dr.

"To trespass and damage on my land ; to cutting and hauling off timber, without the leave or consent of said Pearson, to the amount of twenty dollars damage." .

At the trial, it appeared that Inlow bought of Pearson part of a tract of land owned by him, and before the purchase, they went together to ascertain where the line would run. They undertook to follow it by sighting from tree to tree. As they passed along, Pearson pointed out a large white oak, and remarked that the line must run near that tree, but did not undertake to designate the line precisely. There was evidence tending to show that the timber cut or caused to be cut by defendant would have been on the land bought by him, if the line had run as pointed out by plaintiff ; but in fact was on plaintiff's land. The court gave the following instruction :

" If the jury find from the evidence, that the defendant cut or caused to be cut or carried away any timber from the land of the plaintiff, they will find such damages as he may have sustained by reason thereof."

The court was asked to instruct the jury to find for the defendant, if they believed he had cause to believe from the representations of Pearson that the land from which the timber

---

Dumey *v.* Schoeffler.

---

was cut or hauled off, was his own land bought of Pearson. This instruction was refused, and the defendant excepted.

The plaintiff had a verdict for ten dollars, and the defendant appealed.

*Ansell*, for appellant.

*Guitar*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

1. If the plaintiff, through mistake, led the defendant into error, as to the ownership of the timber, such mistake would not have the effect of vesting the property of the timber in the defendant. The defendant would still be liable to the plaintiff for the value of the trees. As this action was commenced before a justice of the peace, and the complaint was in the form of an account, and as the recovery was limited by the instruction given for the plaintiff to the amount of damages arising from the mere taking of the timber, we see no reason for disturbing the judgment, or for turning around the plaintiff to another action.

The facts stated in the defendant's instruction were evidence in mitigation of damages, or if they justified the trespass, would not have the effect of depriving the plaintiff of his property. This court will not disturb verdicts on the ground that they are against the weight of evidence. Judge Ryland concurring, the judgment will be affirmed.