ALBIN MORGNER, Appellant, *v.* PETTIS BIGGS, Respondent.

1. *Replevin — Crops — Defendant's right to, under license of plaintiff.*—In replevin for certain wheat, where the answer, after traversing the issue presented, alleged title in defendant under one of plaintiff's tenants, who was claimed to have grown the wheat on plaintiff's premises, the *onus* would be on plaintiff to establish his title to the wheat, and to show its wrongful detention; and it would be competent for defendant to rebut and disprove the case, as made by plaintiff, by showing title in himself from the tenant, although the latter may have been the mere licensee, and not the lessee, of plaintiff.

*Appeal from Sixth District Court.*

*E. A. Lewis,* for appellant.

*Lackland* and *King,* for respondent.

This being an action of replevin for the recovery of specific personal property, the defendant is not bound to show a perfect

title in himself in order to defeat the action, but the plaintiff is bound to show a perfect title in himself in order to recover. Replevin will not lie in this case. The action will not lie for crops cut and removed by a disseizor. (Hill. Rem. Torts, 7, § 11; De Mot v. Hugermain, 8 Cow. 220; Powell v. Smith, 2 Watts, 126.)

CURRIER, Judge, delivered the opinion of the court.

This is a replevin suit. The petition avers that the plaintiff is the owner, and entitled to the possession of two hundred bushels of wheat, and that the defendant wrongfully detains it from him. The answer puts the averments in issue, and then alleges title in the defendant, tracing it from one Foster, who is alleged to have been the lessee and tenant of the plaintiff, and to have grown the wheat upon the premises.

Under the pleadings, the *onus* of proof was upon the plaintiff to establish his title to the wheat, and to show the wrongful detention of it by the defendant; and it was competent for the defendant to rebut and disprove the case, as made by the plaintiff, by showing title in himself from Foster, although Foster may have been the mere licensee, and not the lessee, of the plaintiff. (2 Greenl. Ev., §§ 561–2; 38 Mo. 160.) The case shows that the controversy turned upon the question of title to the wheat. It was claimed by both parties — by the plaintiff in virtue of his ownership of the soil on which the wheat was grown, and by the defendant through his purchase of it from Foster's estate. The plaintiff gave evidence of his title to the land whereon the wheat was grown, as tending to show his title to the wheat; and the defendant gave evidence tending to show that Foster was in possession of the premises for some two years, covering the period of the growing of the wheat, as the lessee or licensee of the plaintiff, and that the wheat crop was put in by him as such lessee or licensee, with the plaintiff's implied assent and approval; that Foster subsequently died, leaving his widow in possession of the premises; that his administratrix assumed control of the wheat, and sold and conveyed it to the defendant.

The evidence, however, failed to show the existence of the lease set out in the answer.

The questions presented for consideration here arise out of the action of the court in giving and refusing instructions. The answer alleged the existence of a lease from the plaintiff to Foster, and the plaintiff asked an instruction based on the theory that it was necessary to the success of the defense that it should be shown that the "crop of wheat was sown by authority of the plaintiff, under an actual lease of the premises." The instruction was properly refused. It ignored the evidence tending to show a license to Foster to cultivate the premises, and to take the crops to himself. There was evidence strongly tending to show such license, and it would have been erroneous to have excluded it from the consideration of the jury. It did not follow that Foster was an intruder and a trespasser, without any legal rights, from the mere fact that he had no actual lease. If he owned the wheat grown on the premises, that was sufficient for the purposes of the defense, although he had no lease.

The trial was by the court, and the court, of its own motion, gave a declaration of law to the effect that the finding should be for the defendant in case it appeared that he bought the wheat of Foster's administratrix, and that Foster occupied the premises and put in the crop as the plaintiff's licensee, acting therein with the knowledge and approbation of the plaintiff. There was evidence from which the supposed facts might well be inferred, and which warranted a verdict for the defendant, although no actual technical leasing of the premises from the plaintiff to the defendant was shown. The license was inferable from the facts and circumstances given in evidence. (2 Greenl. Ev., § 627.) The evidence so far was unexceptionable; but that part of it which was founded upon the supposed notice to the plaintiff of the administratrix's sale, in the form in which the matter was put, is subject to objection. It puts clauses in the disjunctive that ought to have been conjoined in sense and expression. It is not perceived, however, that the plaintiff was prejudiced thereby. The real point in contest was as to the actual title and ownership of the wheat. The instructions taken together, as they bore upon

that inquiry, were not unfavorable to the plaintiff; and we are inclined to think that, upon the whole, the judgment should be affirmed.   The other judges concur.