LOTON FORBES, Plaintiff in Error, v. MICHAEL M. SHELLA-
BARGER, Defendant in Error.

1. *Justices' courts — Cause of action — Statement of, what sufficient.* — In an action before a justice for damages done plaintiff's cow by defendant's dog, a complaint setting forth the fact that "defendant kept a dog that was in the habit of worrying and injuring cattle, and that defendant, knowing its propensity, permitted it to run at large, and that said dog worried and injured the cow of plaintiff, for which he asks damages," etc., is sufficient without the further allegation that defendant "wrongfully or negligently suffered the dog to run at large," etc.

The law disregards formalities in proceedings before justices.

### Error to Caldwell Circuit Court.

*J. D. S. Cooke*, for plaintiff in error.

*Haskinson & Johnson*, for defendant in error.

ADAMS, Judge, delivered the opinion of the court.

This suit was commenced before a justice of the peace, on a complaint containing two separate causes of action. One alleged that a dog belonging to defendant, and kept by him, had worried and damaged a cow belonging to plaintiff; that the dog was accustomed to this vicious habit, and the defendant knew it. The other cause of action was that the defendant had set this dog on the cow and caused the dog to worry and injure plaintiff's cow.

The plaintiff had judgment before the justice, and the defendant appealed to the Circuit Court. In the Circuit Court the plaintiff had leave to file, and did file, an amended statement of his cause of action, setting up substantially the same cause of action first set forth in his complaint before the justice: that is, that defendant kept a dog that was in the habit of worrying and injuring cattle, and the defendant, knowing its propensity, permitted it to run at large, and that this dog worried and injured the cow of plaintiff, for which he claims damages, etc.

When the case was called for trial in the Circuit Court, the plaintiff offered to prove, by himself and another witness, the facts of his case; but the court refused to suffer him to give any evidence whatever, on the alleged ground that his complaint did not state facts sufficient to constitute a cause of action. The plaintiff then took a nonsuit, with leave to move to set it aside, which motion was made and overruled.

The law disregards all formalities in proceedings before justices of the peace. The complaint certainly advised the defendant that he was called upon to account for what his dog had done to the plaintiff's cow. Parties themselves usually attend to their own cases before justices of the peace, and hence no formalities are allowed to defeat the ends of justice. I think the complaint was sufficient to let in the plaintiff's proof. (See Pearson v. Inlow, 20 Mo. 322; Burt v. Warne, 31 Mo. 296.)

The judgment is reversed and the cause remanded. The other judges concur.