————o————

ATLANTIC AND PACIFIC RAILROAD COMPANY, Appellant, vs. JAMES FREEMAN, et al., Respondents.

1. *Trespass—Cutting and carrying away of timber from plaintiff's land—Treble damages—Allegations as to ownership of timber.*—A petition in trespass which alleges the conversion of trees, etc., cut and carried away from the land of plaintiff, etc., sets out a good cause of action at common law, and will not be held bad on demurrer, although it calls for treble damages awarded by the statute, (Wagn. Stat., 1345) and fails to state that defendant has no interest or right in the timber, or is otherwise insufficient as a statutory pleading. Nor will it be held bad for failure to state in terms that the trees were the property of plaintiff.

*Appeal from Newton Circuit Court.*

*J. N. Litton,* for Appellant.

The petition is good at common law. (Hewitt vs. Harvey, 46 Mo., 371; Low vs. Harrison, 8 Mo., 351; Waltham vs. Warner 26 Mo., 145; Garner vs. Hann. & St. Jo. R. R., 34 Mo., 240;

Comings vs. Hann. & Cent. Mo. R. R. Co., 48 Mo., 516 ; Montague vs. Papin, 1 Mo., 757 ; Schmidt vs. Dinsmore, 42 Mo., 226 ; Grau vs. St. Louis, K. C. & N. R. R., 54 Mo., 240 ; Henderson vs. Dickey, 50 Mo. 164 ; Northcraft vs. Martin, 28 Mo., 470.)

*C. W. Thrasher,* for Respondents.

The allegations in the petition of plaintiff's ownership of real estate, are not sufficient to show its ownership of the trees, saw logs, etc. There is no averment that the timber was ever standing on plaintiff's land.

SHERWOOD, Judge, delivered the opinion of the court.

In this case there were two counts in the petition. Plaintiff withdrew the first count and by consent of parties the description of land as contained in the first, was to be regarded as incorporated in the second count which was as follows : "Plaintiff also states, that during the months of November and December, 1871, and the months of January, February, March and April, 1872, at divers times, defendants wrongfully received from various persons, to plaintiffs unknown, a large amount of timber, trees and saw logs, of the value of two thousand dollars, which timber, saw logs and trees were wrongfully and without leave, cut, removed and carried away from the premises and lands above described, which were then the property of and owned by plaintiff, and said defendants so took and received said timber, trees and saw logs so cut and carried away, as aforesaid, and wrongfully appropriated the same to their own use ; wherefore plaintiff says by said acts and doings of defendants, plaintiff was damaged in the sum of six thousand dollars, being treble the amount of the value of said timber, trees and saw logs, for which amount it asks judgment with costs of suit."

To this count the defendants demurred, assigning as ground that it did not state facts sufficient to constitute a cause of action. The demurrer was successful, and judgment was entered accordingly.

It is quite clear that the above count, although not good if it is to be regarded as founded upon the statute, (2 Wagn. Stat., Chap. 138) to which, by reason of its claiming damage to treble the value of the timber, it seemingly refers, is yet sufficient as stating a cause of action at common law—alleging at it does, the conversion of trees, etc., cut and carried away from the land of the plaintiff. (Hewitt vs. Harvey, 46 Mo., 368, cases cited.) The suggestion is made here in argument, that the allegation should have been made that the trees belonged to plaintiff. We think otherwise. The allegation of ownership of the land was enough; the rest followed as an incident. And it would be wholly superfluous to allege that trees cut upon the land of plaintiff were its property.

Reversed and remanded. The other judges concur.