ALLEN v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

Conversion: EVIDENCE. In an action against a corporation for the conversion of certain staves, defendant offered evidence that they were cut from land owned by the president of the corporation, in connection with evidence that the president had directed the taking of them. There was no evidence that he had not granted permission to plaintiffs to cut the staves, and no other evidence that they belonged to him. *Held,* that the offer was properly rejected.

*Appeal from Stoddard Circuit Court.*—HON. R. P. OWEN, Judge.

AFFIRMED.

*W. R. Donaldson* and *Thoroughman & Warren* for appellant.

NAPTON, J.—This was a suit against the defendant before a justice of the peace for taking some staves belonging to plaintiffs, of the value of $50, and a judgment was rendered before the justice, and subsequently in the circuit court for $50. The only point made for the reversal of the judgment is the exclusion of evidence offered to prove that the staves in question were cut upon defendant's land. This, however, is a mistake. No such offer was made. Proof was offered that the land on which the staves were

cut belonged to Thos. Allen, and that Thos. Allen was president of the corporation defendant. Thos. Allen was not the defendant, and hence the case of *Pearson v. Inlow,* 20 Mo. 322, is not applicable. The owner of the land, where the staves were cut, whether Thos. Allen or another, may have granted permission to plaintiffs to cut the staves, and Thos. Allen, after the staves were made and piled up near the railroad, had no right to order the defendant's agent to take the staves, as there was no evidence whatever that they belonged to him. Judgment affirmed.