O. A. DELAND, Respondent, v. C. H. VANSTONE ET AL., Appellants.

St. Louis Court of Appeals, May 17, 1887.

1. TRESPASS DE BONIS ASPORTATIS — TROVER — PLEADINGS. — It is essential, either in trespass *de bonis asportatis* or in trover, for the plaintiff to allege and prove that he had possession, actual or constructive, of the property at the date of the defendant's alleged wrongful interference with it.

2. ———— STANDING TIMBER—POSSESSION.—Standing timber is part of the realty and no person can be in possession of it without having the actual possession of the land whereon it stands.

APPEAL from the Howell. County Circuit Court, J. R. WOODSIDE, Judge.

*Reversed and dismissed.*

L. B. WOODSIDE, with MONKS & GREEN, for the appellants : The necessary allegation that the plaintiff was in possession of the premises was not made. *Garner v. McCullough*, 48 Mo. 318. It is necessary to show that the plaintiff was in possession of the premises at the time of the alleged trespass, and he having failed to prove that he was in possession, he could not recover in the action. *Cochran v. Whitesides*, 34 Mo. 417;

*Roussin v. Benton*, 6 Mo. 592; *Pope v. Corden*, 47 Mo. 251; *Davis v. Wood*, 7 Mo. 162; *More v. Perry*, 61 Mo. 174; *Rannels v. Rannels*, 52 Mo. 108; *Armory v. Delamire*, 1 Smith's Lead. Cas. 604. Trespass for cutting and carrying away timber will not lie against a defendant actually in possession of land, either by himself, or his tenant. In such case ejectment is the proper remedy, and therein the plaintiff may have his damages for waste or injury. *More v. Perry*, 61 Mo. 174; *Hawkins v. Roby*, 77 Mo. 140; *Brown v. Carter*, 52 Mo. 46; *McMenamy v. Cohick*, 1 Mo. App. 529.

OLDEN, LIVINGSTON & PITTS, for the respondent: The judgment was not excessive, and the measure of damages was not the value of the pine timber before cut. The defendant took the timber wrongfully, and in total disregard of the plaintiff's rights, and with notice of such rights. The true measure of damages, then, would have been the value of the timber after having been sawed into lumber, and by its appreciation in price. *Buckman v. Nosh*, 12 Me. [3 Fairf.] 474; *Wallace v. Goodall*, 18 N. H. 439; *Walther v. Witmore*, 1 E. D. Smith [N. Y.] 7, 28; *Wooden Ware Company v. United States*, 106 U. S. 230; s. c., 16 Otto, 432, 437.

B. F. OLDEN, O. H. LIVINGSTON, and CHARLES CLAFLIN ALLEN, for the respondent on motion for a re-hearing: The decision rendered is in conflict with an express statute and with controlling decisions to which the attention of the court has not been directed, to-wit: Rev. Stat., sects. 3921, 3924; *Massey v. Snelson*, 3 Mo. 393; *Turley v. Tucker*, 6 Mo. 583; *Pearson v. Inland*, 20 Mo. 322; *Renshaw v. Lloyd*, 50 Mo. 368; *Railroad v. Freeman*, 61 Mo. 80.

ROMBAUER, J., delivered the opinion of the court.

This is an action of trespass *de bonis asportatis*, if anything. The plaintiff's petition is as follows:

"The plaintiff states that, on or about the thirtieth

day of January, 1883, at the county of Howell, and state of Missouri, the defendants, without leave, and wrongfully, entered on the southwest quarter of northeast quarter, southeast quarter of northwest quarter, and northwest quarter of southeast quarter of section 27, township 27, range 10, west, of which the plaintiff was the owner of the timber standing and growing on said land above described, and there cut timber of the value of ten thousand dollars, and carried it away, by which acts and doings of the defendants the plaintiff was damaged in the sum of ten thousand dollars, for which he asks judgment.''

The answer is a general denial.

Upon the trial the defendants objected to the introduction of any evidence, on the ground that the petition failed to state a cause of action, and at the close of the plaintiff's case, they demurred to all the evidence, on the ground that neither the petition nor the evidence showed any right of recovery in the plaintiff. Both these objections were overruled and the trial resulted in a judgment for the plaintiff. The defendants, among other things, assign for error the action of the trial court in overruling these objections.

These complaints of the defendants are just. The petition fails to state that the plaintiff ever was in possession of either the land or the timber. Possession is essential to maintain such an action. *Garner v. McCullough*, 48 Mo. 318 ; *Cochran v. Whitesides*, 34 Mo. 417, 419 ; *More v. Perry*, 61 Mo. 174. It is immaterial in that regard whether the action is trespass or trover, as the only distinction between the two, if any, seems to be that the one is founded on mere possession, and the other on right, as constituted or evidenced by possession, actual or constructive.

The averment of possession being essential, its omission was a fatal defect, which could not be cured by verdict. *Frazer v. Roberts*, 32 Mo. 457; *Jones v. Tuller*, 38 Mo. 363; *Clinton v. Williams*, 53 Mo. 141.

But even could it have been thus cured, there was no evidence to cure it. The evidence of the plaintiff tends to show that, in the year 1882, he bought of Pruitt, one of the defendants, the right to have the pine timber, standing on the land mentioned in the petition, cut and removed within a limited time, the contract giving him a license to enter for that purpose. He never entered. Pruitt was in possession of the land when the contract was signed and so remained until January, 1883, when, assuming, rightfully or otherwise, that the plaintiff had failed to comply with his part of the contract, he sold the timber to the defendant, Vanstone. Vanstone thereupon entered upon the land, and cut and removed the timber against the plaintiff's objection.

The evidence fails to show that the plaintiff ever was either in the actual or constructive possession of the land, by himself or agents. His interest was a mere executive interest until entry. *Austin v. Coal & Mining Co.*, 72 Mo. 535, 542. The defendant, Vanstone, from the date of his entry, was in the actual adverse possession of the land, and the right of the plaintiff to the timber cut from it, or any other of its products after severance, could not be determined in an action of trover or replevin. *Powell v. Smith*, 2 Watts, 126 ; *Lehman v. Kellermann*, 65 Pa. St. 491. The only remedy, if any the plaintiff has, is against Pruitt for a wrongful violation of his contract.

We have not been able to find any case where timber standing upon land has been treated or considered as personal property. There are cases where the owner of the land, or even the mortgagee not in actual possession, was held entitled to maintain an action of trover for the conversion of property, which, prior to its severance, had formed part of the realty, but all these cases, upon examination, will be found to rest on the constructive possession of the owner or mortgagee, as holders of the unquestioned legal title, the possession of the party

committing the trespass not being adverse. To hold that the action will lie without actual or constructive possession, and is supportable on the right of property, coupled with the right of possession alone, would be, in effect, holding that any plaintiff, entitled to maintain an action of ejectment, may maintain, while out of possession, an action of trover for severance and conversion of part of the freehold, a holding for which we find no warrant in principle or the decided law.

As the plaintiff, upon his own showing, can not maintain the present action against any of the defendants, although he may proceed against Pruitt for damages caused to him by the wrongful violation of the contract in another action, we will not remand the cause.

The judgment is reversed and the cause dismissed. Lewis, P. J., concurs; Thompson, J., dissents.

ROMBAUER, J., delivered the opinion of the court on motion for re-hearing.

We have been referred to a number of cases, decided by the supreme court of this state, in support of the motion for re-hearing, the mover claiming that our opinion is opposed to them. We have carefully examined them and find that they fail to sustain the claim advanced.

The case of *James v. Snelson* (3 Mo. 393), the first case cited, is not only inapplicable in its facts, but has been expressly overruled in *Turley v. Tucker* (6 Mo. 583), which is the next case cited and relied on, and where the court, on page 586, says that, to maintain an action of trover the plaintiff must have a property either absolute or special, *and* the possession, or right to the immediate possession, of the goods which are the subject of controversy. The case of *Pearson v. Inlow* (20 Mo. 322), merely decides that a person may recover the value of timber cut upon his land, though, by mistake, he led the defendant to believe that he was cutting the

timber on his own land. In the case of *Renshaw v. Lloyd* (50 Mo. 368), the court decides that, where one has the legal estate in fee in lands, he has the construc-tive possession, *unless there is an actual possession in some one else*, so that that case, instead of aiding plaintiff, is directly opposed to him. The case of *Atlantic Rail-road v. Freeman* (61 Mo. 80, 82), so far as it has any bearing on the present controversy, is, also, directly op-posed to the plaintiff. Judge Sherwood there states: "The suggestion is made here, in argument, that the allegation should have been made that the trees be-longed to the plaintiff. We think otherwise. The al-legation of ownership of the land was enough; the rest followed as an incident," thus recognizing the doctrine stated in the opinion, on which the conclusion reached hinges, that growing timber is part of the realty. These are all the cases cited in support of the motion for re-hearing.

As to the other point made by the motion, that the contract in writing conveyed an interest in realty, and was followed by possession, we have stated, in our opinion, that Pruitt was in possession of the land, and so remained. There is not a tittle of evidence that the plaintiff ever entered into possession, and we are not referred by the mover to any part of the record, where such supposed evidence is to be found. We have as-sumed, for the sake of argument, in the opinion, that the plaintiff had an executive interest in the land prior to entry. We assumed this in the plaintiff's favor, en-deavoring to show that, even in that event, he had no right of recovery. Since our attention has again been directed to this point we may add that, on that head, we have assumed even more in the plaintiff's favor than the statute will warrant. Our statute provides, that, "all deeds or other conveyances of land, or of any estate or interest therein, shall be subscribed and *sealed* by the party granting the same," and it is not pretended

that the written instrument under which the plaintiff claims, whatever title he had, was ever sealed.

The motion for re-hearing is overruled. Lewis, P. J., concurs; Thompson, J., dissents.