HORACE E. ANDREWS, Surviving Partner of J. G.
ANDREWS, Deceased, Appellant, v. CON COSTICAN
and THOMAS RUSSELL, Respondents.

St. Louis Court of Appeals, March 13, 1888.

1. REPLEVIN, HOW MAINTAINED.—To maintain an action of replevin,
the plaintiff must have in himself the right of property, general
or special, coupled with the right of immediate possession; and if
his title is denied, the *onus* is upon him to prove it.

2. —— MEASURE OF DAMAGES.—Upon the defendant's recovery in
an action of replevin, there is no warrant for adding interest by
way of damages to the value of the property.

3. TITLE—STANDING TIMBER, HOW CONVEYED.—Standing timber is a
part of the realty; and a conveyance of it, to be effectual, must
be under seal.

APPEAL from the Pemiscot Circuit Court, HON. H.
C. O'BRYAN, Judge.

*Affirmed.*

A. O. RULE and ORR & CHRISTY, for the appellant :
The first sale was good between the parties and against
subsequent purchasers with actual notice thereof. *Cald-
well v. Head,* 17 Mo. 561 ; *Stevens v. Hampton,* 46 Mo.
404 ; *Ryan v. Carr,* 46 Mo. 483. The record shows that
respondents had actual knowledge of the previous sale
to appellant, at the time they bargained for the trees,
and before the purchase price was paid. But it is not
necessary to prove actual knowledge. If it appear that
respondents had knowledge of any facts that would put
an ordinarily prudent man upon inquiry, this is suffi-
cient notice. *Vaughn v. Tracy,* 22 Mo. 415 ; *Speck v.
Riggin,* 40 Mo. 405 ; *Maupin v. Emmons,* 47 Mo. 304 ;
*Major v. Buckley,* 51 Mo. 227 ; *Fellows v. Wise,* 55 Mo.
413 ; *Muldrow v. Robison,* 58 Mo. 331 ; *Meier v. Blume,*
80 Mo. 179 ; *Mills v. Smith,* 8 Wall. (U. S.) 27 ; *Galland
v. Jackman,* 26 Cal. 79. Want of notice, and a valuable

consideration, must co·exist with good faith, in order to defeat the first conveyance. *Maupin v. Emmons*, 47 Mo. 304; *Bishop v. Schneider*, 46 Mo. 472; *Aubuchon v. Bender*, 44 Mo. 560; *Paul v. Fulton*, 25 Mo. 156; *Mastin v. Halley*, 61 Mo. 196; *Digby v. Jones*, 67 Mo. 104; *Arnholt v. Hartwig*, 73 Mo. 485; *Masterson v. Railroad*, 5 Mo. App. 64; *Whitman v. Taylor*, 60 Mo. 135. The value of the property should have been assessed as of the date of the trial. *Milling Co. v. Walsh*, 20 Mo. App. 107; s. c., 24 Mo. App. 97; *White v. Storms*, 21 Mo. App. 288; *Ascher v. Schaeper*, 25 Mo. App. 1; *Pope v. Jenkins*, 30 Mo. 528; *Chapman v. Kerr*, 80 Mo. 158; *Mix v. Kepner*, 81 Mo. 93; *Richey v. Burns*, 83 Mo. 362. The court erred in assessing damages at six per cent. of the value of the property at the time of seizure. There is no evidence in the record as to any damages suffered by reason of the detention of the property. *Ascher v. Schaeper, supra; Morrison v. Yancey*, 23 Mo. App. 670.

J. B. DENNIS, for the respondents: As to whether or not defendants had such notice as was defined in instruction number two for plaintiff, is a question of fact to be determined by the jury. *Eyerman v. Bank*, 13 Mo. App. 289; s. c., 84 Mo. 804; *Farley v. Pettes*, 5 Mo. App. 264. Notice, as defined in instruction number two for plaintiff follows the language of the Supreme Court. *Sensenderfer v. Kemp*, 83 Mo. 581. Instructions which would be bad if given to a jury, may be unobjectionable in trial by the court. And when the finding is the only one warranted by the evidence, it is immaterial whether the instructions given are correct. *Williamson v. Drew*, 9 Mo. App. 597; *Liebke v. Methudy*, 18 Mo. App. 149; *Filley v. McHenry*, 84 Mo. 277. A new trial will not be awarded where it is evident from all the testimony in the case that the verdict is for the right party— "unless the appellate court believes that error was committed against the appellant, * * * materially affecting the merits of the action," or unless appellant

was injured thereby. Rev. Stat., sec. 3775; *Parton v. McAdoo*, 68 Mo. 327; *Otto v. Bent*, 48 Mo. 23; *Pasley v. Kemp*, 22 Mo. 409; *Walter v. Cathcart*, 18 Mo. App. 256.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action of replevin to recover fifty-eight walnut sawlogs, valued in the plaintiff's petition and affidavit at fifteen hundred dollars. An order of delivery was made, upon plaintiff giving the usual bond, and the logs were taken from the defendant's possession and delivered to the plaintiff. Upon the trial of the cause by the court without a jury, there was a judgment for defendants for $1,298.60, the court ascertaining the value of the property to be twelve hundred dollars, and adding interest to such amount from the date of the institution of the suit.

The plaintiff appealing complains that the trial court declared the law erroneously; that it assessed the defendants' damages on an erroneous theory, and that the evidence did not warrant a verdict for the defendants.

The burden of proof was upon plaintiff. He claimed title to the logs as surviving partner of James G. Andrews, and the only evidence of his title was the following memorandum receipt:

"Received of J. G. Andrews the sum of four hundred and fifty dollars, this 30th day of December, 1881, for one hundred and five walnut trees, and logs down, which are standing or lying on section sixteen, township seventeen, range eleven, and four trees on section twenty, same township and range, also all of the sunk logs lying or being in the bayou on the sixteenth section of land above named. This four hundred and fifty dollars does not include the ten dollars already paid by Mr. J. T. Leaton on the purchase of said walnut timber.

"PETER W. COLEMAN.

"Attest: H. P. COLEMAN.
"GEO. I. COLEMAN."

"State of Missouri, } ss.   In the Recorder's Court.
"County of Pemiscot. }

"I, Hina C. Schult, clerk of the circuit court and *ex-officio* recorder, within and for the county aforesaid, do certify that the instrument of writing hereto attached, with the certificate thereon, was filed for record in my office on the 1st day of April, 1885, at 7 o'clock — min. a. m., and that the same is duly recorded in said office in book No. 3 for recording, at page 118.

"In witness whereof I have hereunto set my hand and affixed the seal of said court. Done at Gayoso, Missouri, this 1st day of April, 1885.

"HINA C. SCHULT,
"Circuit Clerk and *ex-officio* Recorder."

This memorandum was admitted in evidence by the court against the defendants' objections. There was no evidence offered by plaintiff that James G. Andrews or himself ever entered upon the land, or ever took possession of the logs, cut or uncut, although more than four years had elapsed between the date of the execution of the memorandum and the date of the institution of this suit. The only evidence identifying the logs replevied with any of the trees mentioned in the memorandum is testimony tending to show that the logs replevied were cut from trees standing on section sixteen, and severed from the land by defendants in the year 1885.

From the instructions given and refused it appears that the court determined the case on the following views of the law : (1) That unsevered timber is part of the realty, and that a valid conveyance of it can be made only by a contract in writing, acknowledged and recorded ; (2) that if the defendants were purchasers of the timber in good faith, for value, without knowledge of plaintiff's claim, their title was superior to that of plaintiff.

The plaintiff's complaint is, that these views are erroneous ; that the first sale was good between the parties and against subsequent purchasers with notice

thereof, citing in support, *Caldwell v. Head*, 17 Mo. 561; *Stevens v. Hampton*, 46 Mo. 404, and *Ryan v. Carr*, 46 Mo. 483; and that the court erred in making knowledge of the prior conveyance a test of the good faith of the purchase by defendants, when the law is, that knowledge of any facts that would put an ordinarily prudent man upon inquiry, was sufficient notice.

Both these complaints may be well founded and yet furnish no ground for the reversal of the judgment. To maintain an action of replevin the plaintiff must have in himself the right of property, general or special, coupled with the right of immediate possession. *Melton v. M'Donald*, 2 Mo. 45; *Broadwater v. Darne*, 10 Mo. 277; *Suggett v. Cason*, 26 Mo. 221; *Gartside v. Nixon*, 43 Mo. 138; *Wright v. Richmond*, 21 Mo. App. 76. And where this title is denied the *onus* is upon him to prove title. *Morgner v. Biggs*, 46 Mo. 65. In this case the plaintiff has failed to show any title. Treating the receipt offered in evidence as equivalent to a bill of sale, which is the utmost that plaintiff can claim, and yet it would be insufficient to convey any title to the plaintiff, since standing timber is part of the realty, a conveyance of it is the conveyance of an interest in land, and to be effectual must be under seal. Rev. Stat. sec. 674; *Deland v. Vanstone*, 26 Mo. App. 297, 302. As the plaintiff failed to show any right of recovery the judgment for defendants was a necessary conclusion of law.

It is proper to add that there is nothing in the record which would justify us to find that the defendants had notice of any subsisting claim on part of plaintiff. They deny that they ever heard of plaintiff's claim prior to the institution of this suit, and it must be borne in mind that years had elapsed since the execution of the receipt, and that it is not pretended that the plaintiff, or any one for him, ever exercised any acts of ownership over any of the property mentioned in the receipt.

The judgment of the lower court was based upon an erroneous theory as to the measure of damages. The allowance of interest by way of damages was unwarranted. *Chapman v. Kerr*, 80 Mo. 158; *Mix v. Kepner*, 81 Mo. 93. The defendants have asked leave to remit in this court the sum of $89.60, allowed to them by way of interest. The ascertained value of the property is in accord with the minimum shown by the evidence, and much less than its value sworn to by plaintiff. Plaintiff does not claim in his motion for new trial that the damages are excessive. Under these circumstances the requirements of justice are fully answered by entering the *remittitur* and affirming the judgment for the residue.

Judgment affirmed for twelve hundred dollars. Respondents to pay the costs of this appeal. Judge Thompson concurs.