RICHARD WOODSON, Respondent, v. JOHN W. HUBBARD, Appellant.

Kansas City Court of Appeals, May 11, 1891.

Contract: UNSEALED IN RELATION TO GROWING TIMBER : ESTOPPEL. By an unsealed contract in writing, it was provided that defendant would pay plaintiff $800 for the right to enter upon plaintiff's land and cut and remove therefrom all the tie timber thereon. If the number of ties at seventeen cents amounted to more than $800, defendant was to pay such excess, but, if the number at that price did not amount to that sum, defendant was to pay that sum anyhow. Defendant cut and removed enough to amount to $754 and quit. Plaintiff then sued him for the balance before a justice of the peace. *Held*—

   (1) It was not necessary that the contract should be under seal.

   (2) That the defendant is estopped by every just principle of right to dispute the validity of the contract whose benefits and advantages he has enjoyed.

   (3) The cases of *Potter v. Everett*, 40 Mo. App. 152, and *Andrews v. Costican*, 30 Mo. App. 29, *distinguished.*

   4) The title to real estate was not drawn in issue in the trial of the case, and the justice had jurisdiction of the action.

*Appeal from the Howard Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

AFFIRMED.

*Sam. C. Major*, for appellant.

(1) The demurrer to the evidence should have been sustained. The contract offered in evidence could at best be only construed as a license for Hubbard to cut certain tie timber ; all that he did cut, the uncontradicted evidence is that he paid for. He was sued for a balance of certain timber alleged to have been sold him and for which he guaranteed so much money. The timber was never sold to him. Unsevered timber is part of the realty, and a valid conveyance of it can be made only by a contract in writing, acknowledged and recorded. R. S. 1889, sec. 2401; *Andrews v. Costican*, 30 Mo. App. 29 ; *Potter v. Everett*, 40 Mo. App. 152. (2) The demurrer to the jurisdiction should have been sustained and the suit dismissed, nothing appearing upon the face of the account filed that the justice had no jurisdiction, nor whether the ties sued for was severed and personal property, or unsevered and a part of the realty. So soon as the evidence disclosed the fact that the ties sued for were in the timber standing and a part of the realty, the court should have dismissed the suit, for the reason that title to lands and tenements was in question and in issue in the cause. The justice who tried the case had no jurisdiction, and the circuit court could acquire none on appeal. R. S. 1889, sec. 6124; *Elliott v. Black*, 45 Mo. 372. Woodson's only reliance and claim in this suit is that he sold Hubbard certain unsevered timber for ties. To sustain said claim it follows as a matter of necessity that title to lands must come in question and in issue in the trial, for a conveyance of standing timber is a conveyance of an interest in land, and to be effectual must be under seal. R. S. sec. 2401; 30 Mo. App. 29. We contend that it would be impossible for Woodson to recover without showing a valid sale of the ties, and to show this title must come in question ; and when brought in question the justice was ousted of his jurisdiction, and the circuit court could acquire none on appeal.

*R. B. Caples*, for respondent.

(1) The demurrer was properly overruled. The contract, while not sufficient to convey growing timber as a part of the realty, did give appellant license to enter and cut all the timber growing on the land which could be made into ties. This license was executed by appellant's entering and cutting ties, and this suit is simply for a balance claimed to be due for ties cut and removed. *Potter v. Everett*, 40 Mo. App. 152. (2) The justice had jurisdiction. *Music v. Chamlin*, 22 Mo. 175; *Williams v. Browning*, 45 Mo. 475. Appellant appears to be under the impression that respondent sued for ties in the timber unsevered and a part of the realty. This is not the fact. By the terms of the contract respondent had a right to demand $800 of appellant for whatever ties were cut, whether the ties cut produced $800 at seventeen cents each or not. The tie timber left standing on the land after the time for cutting ties had expired remained the property of respondent; and it was further provided in the contract that appellant should take of respondent all the ties he made out of the remaining timber at a price fixed in the contract. The court will give effect to the plain and evident intention of the parties as unequivocally expressed in the contract. *Redheffer v. Leathe*, 15 Mo. App. 12; *Fruin v. Railroad*, 89 Mo. 397; *Garthwright v. Callaway Co.*, 10 Mo. 663; *Fenton v. Perkins*, 3 Mo. 23.

SMITH, P. J.—This was a suit brought before a justice of the peace, by the plaintiff, against the defendant on the following account:

"*John W. Hubbard, in account with Richard Woodson.*
"1887.                                           Dr.
"December 31.   To amount due for ties
     sold..................... .... .... .........$800 00
"Cr. by cash on same......... ..... ....... 754 33

     "Total balance due............. .........$ 45 67"

The case was removed by appeal to the circuit court, and at the trial, which was there had, the plaintiff to maintain the issue on his behalf introduced an unsealed written contract entered into between himself and the defendant whereby the plaintiff "bargained and sold to the defendant all of the white oak, post oak, cherry and walnut tie timber growing, standing and being on certain lands of the plaintiff therein described. In consideration of which the defendant bound himself to cut the said tie timber by a certain date in the contract mentioned, and to pay plaintiff" for each tie cut and made on said land seventeen cents, and, in case the amount paid for said ties did not aggregate $800, then the defendant agreed to pay the plaintiff in addition to the amount paid for said ties such additional sum as should make the said sum so paid aggregate $800, or in other words said defendant guaranteed to the plaintiff the sum of $800. It was further agreed that should said ties aggregate more than $800 at seventeen cents each, that the defendant would pay plaintiff the entire sum which said ties would bring at said contract price, etc. It appears from the evidence that the defendant, under this contract, entered upon plaintiff's land and cut and removed a large number of ties, but how many the evidence only inferentially shows. The defendant did not within the time provided in the contract, or at any time, cut and remove all the tie timber on said land, leaving timber thereon, which would have made about five hundred ties, untouched. The defendant paid plaintiff for each tie cut and removed. This amounted to $754.33. The inference deducible from this is, that the defendant cut and removed about forty-four hundred and thirty-seven ties.

The defendant demurred to the evidence, on the ground, *first*, "that standing timber being part of the realty a conveyance of it is the conveyance of an interest in land, and to be effectual must be under seal; *second*, that the evidence discloses the fact that title to

lands and tenements was drawn in issue in the cause, and for that reason the justice had no jurisdiction." The court overruled the demurrer, and found for the plaintiff, and rendered judgment accordingly. The defendant has appealed.

I. We do not think that the circuit court erred in overruling the defendant's demurrer as to the first ground. Whether the defendant under the contract acquired a license or an easement, it is-not necessary to decide. The contract conferred upon the defendant, at least, a license to enter upon plaintiff's land, and cut and remove the tie timber thereon. In consideration of this grant the defendant bound himself to pay the plaintiff $800 in any event. The defendant has enjoyed the benefits of the contract. It is no longer executory. Now after defendant has, under the contract, entered upon plaintiff's land and cut and removed all the tie timber he cared to, can he be exonerated from the payment of the consideration for the enjoyment of the license so granted to and exercised by him, on the bare ground that the contract was not under seal as required by the statute? R. S., sec. 2401. We cannot think so. He has received the full measure of the benefits granted to him under the contract. He does not, and cannot in the very nature of things, put the plaintiff *in statu quo*, nor restore the timber which he has cut down and removed. The contract was not even within the statute of frauds;· and even if it were it has been so far performed that he is in no situation to dispute the plaintiff's right to recover the stipulated consideration for the license enjoyed. Brown on Statute of Frauds, secs. 117, 127 ;· *Harvey v. Morris*, 63 Mo. 475 ; *Tatum v. Brooker,* 51 Mo. 148; *Walker v. Owen*, 79 Mo. 563. The defendant is estopped by every just principle of right to dispute the binding validity of the contract, whose benefits and advantages he has enjoyed. The contract expressly and plainly provides that the defendant would pay the plaintiff $800 for the right to enter

upon plaintiff's land and to cut and remove therefrom all the tie timber thereon. If the number of ties cut and removed, at seventeen cents each, amounted to more than $800, the defendant was to pay such excess; but if the number at that price did not amount to that sum, the defendant was to pay the $800 anyhow. The number of ties cut and removed, as we have shown, was only forty-four hundred and thirty-seven. Notwithstanding this the defendant bound himself to pay $800 for the same. The number of ties cut and removed was unimportant, unless they exceeded in number forty-seven hundred and five, the number required at seventeen cents per tie to make $800, in which case the plaintiff would have been entitled to recover in addition seventeen cents per tie for the number in excess of forty-seven hundred and six. As there was no excess the plaintiff's right of recovery under the contract was properly limited to $800, or so much thereof as remained unpaid.

If the contract in question were executory, and the controversy arising on it was between the plaintiff and a party claiming under the defendant, the right to enter upon plaintiff's land and cut and remove said tie timber, or was between an assignee of the defendant and one who had by purchase and deed for valuable consideration acquired the plaintiff's title to the said timbered land without notice of the said contract, it might be that there the question presented by the demurrer would arise; but since this suit is for the consideration agreed, in the contract, to be paid for the timber which has been cut and removed by the defendant no such question arises. No question of the assignment of an executory license, or of a personal trust, arises in this case. The questions considered and decided in *Potter v. Everett*, 40 Mo. App. 152, and in *Andrews v. Costican*, 30 Mo. App. 29, were different from these in this case. In neither of those cases was the action for the consideration for the grant of a license which had been

enjoyed by the license. Those cases are distinguishable from this. No case has been cited, nor has any been found by us, where the licensee who has enjoyed the license granted him by the licenser, has been permitted to successfully invoke the registration statutes to defeat the recovery by the licenser of the stipulated consideration for the grant of the license.

II. The second ground of the defendant's demurrer was, we think, properly overruled. The title to real estate was not drawn in issue in the trial of the case. R. S., sec. 6124. The claim of the plaintiff is not for the tie timber still remaining unsevered on plaintiff's land. It is for the balance of the consideration due for the timber cut and removed. It is for the balance of the $800 consideration which the defendant bound himself by his contract to pay for the tie timber which he cut and removed. Plaintiff makes no claim for the tie timber still remaining uncut and which the defendant might have cut and removed. The defendant evidently misconstrues the plain, and obvious meaning of the contract. It is for the balance due on the executed contract that the suit was brought. The exposition of the contract already made in the preceding paragraph very clearly shows this to be so. For these reasons we think that the title to land was not involved in the suit. The action was one over which the justice had jurisdiction.

It results that the judgment of the circuit court will be affirmed. All concur.