JOHN SHANNON, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 9, 1893.

1. **Destruction of Fruit Trees and Hedges:** MEASURE OF DAMAGES. The measure of damages for the wrongful destruction of fruit trees—and so *held* also of hedges sued for herein—consists of the difference between the value of the land, on which they grow, before and after their destruction.

2. **Practice, Appellate:** PRESERVATION OF OBJECTIONS TO RULINGS ON INSTRUCTIONS. To entitle himself to the review of adverse instructions on appeal to this court, a party must preserve his exceptions to the giving of them.

*Appeal from the Marion Circuit Court.*—HON. THOMAS H. BACON, Judge.

REVERSED AND REMANDED.

*Spencer Mosman* and *W. M. Boulware*, for appellant.

The apple trees and hedge were part of the land; the injury was an injury to the inheritance, and the measure of plaintiff's damage is the difference in the value of the land before and after the injury. The distinction between fruit trees and ornamental or shade trees on the one hand and timber trees on the other is well marked. The timber tree has a value of itself as a convertible marketable commodity, independent of the land on which it stands. The former have no value except as connected with the land of which they form a part. The ornamental or shade trees have no value other than as, connected with the land, they add to its enjoyment; and fruit trees, drawing the elements from the soil on which they stand, have a producing capacity which may add to the value of the realty. As a general rule the measure of damage for cutting or destroying ordinary timber trees is the value of the trees as timber. No such measure of damages can be applied to fruit trees, for they have no such value. They are of value only as part of the land. *Dwight v. Railroad,* 34 Cent. Law Jour. 409; *Gates v. Railroad,* 44 Mo. App. 495; *Railroad v. Tubbs,* 28 Pac. Rep. 612; s. c., 47 Kan. 630; *Greenfield v. Railroad,* 49 N. W. Rep. (Iowa) 95; Sedgwick on Damages. [8 Ed.] sec. 933.

*W. R.* and *T. L. Anderson* and *H. J. Drummond,* for respondent.

The evidence objected to was competent, as bearing upon the question of damages, to show the situation of the property and the use to which it was put. The distinction sought to be drawn by defendant between

fruit trees on the one hand and timber trees on the other is not only rather refined than otherwise, but has no application whatever to this class of cases. By section 2614, chapter 42, Revised Statutes of Missouri, 1889, it is made the duty of the railroad corporation to burn and clear off their right of way twice every year to prevent the destruction of property by fire, attaching a heavy penalty for failure to do so. The word property embraces fences, growing fruit trees and herbage. *Railroad v. Bohannon*, 7 S. E. Rep. (Va.) 236; *Grissell v. Railroad*, 9 Atl. Rep. (Conn.) 137. It is suggested that the fruit grown on apple trees have a value as a convertible marketable commodity.

BOND, J.—This action was brought for the negligent injury and destruction by fire of four hundred and sixty-two feet of hedge fence, and six apple trees standing on the lot of the respondent. The evidence tended to prove that five apple trees and about four hundred and sixty-two feet of Osage hedge were consumed by fire, negligently or willfully communicated by the act of defendant's servants, engaged in burning out its right of way as required by section 2614 of the Revised Statutes of 1889. There was a verdict and judgment for plaintiff, from which defendant took an appeal to this court, whereon the main error assigned is that incompetent evidence was received as to the market value of the trees and hedge destroyed.

In a well considered case *(Dwight v. Railroad*, 34 Cent. Law Jour. p. 409), the question was fully examined as to what is the proper measure of damages in an action for negligently destroying by fire apple trees, cherry trees and grass. The point of exception before the appellate court in that case was raised by the following question and answer: "*Q*. What were those

twenty-one trees worth at the time they were killed? *A.* I should say they were worth $50 apiece.'' The court held that the reception of this and like testimony was error, for which the case was reversed. In reaching its conclusion in that case the court held that fruit trees have no value susceptible of accurate measurement without reference to the soil on which they stand, and on this point overruled *Whitbeck v. Railroad,* 36 Barb. 644. The true rule, as deduced from the authorities, is, that in such actions the measure of damages depends upon the relation the trees or shrubs sued for bear to the soil. If their chief value exists when separated from the soil, then their value after removal may be shown as the measure of damages. If on the other hand their essential value arises from their connection with the soil, then the difference in value of the land before and after their removal is the measure of recovery of the owner. This is a sound principle supported by safe legal principles, and establishes a method of distinction which can be practically applied. 3 Sedgwick on Damages [8 Ed.] sec. 933.

In the case at bar the apple trees and hedge sued for had no appreciable value apart from the soil. The respondent and the other witnesses gave evidence as to the value of the five trees and the hedge injured by the fire communicated by the act of appellant's servants in burning off the grass and other accummulations on its right of way. To each question, when propounded, the appellant interposed apt and specific objections to the effect that such testimony did not constitute the true measure of damages. The evidence thus received was in substance all that tended to show the extent of the respondent's damage, and must have been the basis of the verdict of the jury. We are satisfied that this was misreception warranting the reversal of this case.

The appellant criticises instructions, numbers 1 and 4, given by the court "on general behalf." As the record does not disclose that it excepted to the giving of these instructions, we are warranted in declining to pass upon the validity of the objections now made. *Holliman v. Cabanne*, 43 Mo. 568; *State v. Elvins*, 101 Mo. 243.

The judgment herein is reversed, and the cause remanded to be tried in conformity with the views herein expressed. All concur.