W. C. Cooley, Appellant, v. Kansas City, Pittsburg
& Gulf Railway Company, Respondent.

Kansas City Court of Appeals, January 28, 1895.

Deeds: CONSTRUCTION: RIGHT OF WAY: RESERVATION: DAMAGES. A
deed conveying the right of way to a railroad company had this pro-
vision: "All fruit trees destroyed on said right of way to be paid for,
a reasonable valuation to be hereafter agreed upon." This, in con-
nection with the contract to make the deed, is *held* to mean that all
fruit trees not interfering with the use of, and left standing uninjured
on, the right of way were reserved to the grantor; and all fruit trees
destroyed were to be paid for by defendant, and that the grantor owns
those left and must be paid the value of all that are destroyed as
fruit trees and not merely as timber.

*Appeal from the Jasper Circuit Court.*—Hon. W. M.
Robinson, Judge.

Reversed and remanded.

*McReynolds & Halliburton* for appellant.

(1) The measure of damages laid down by the
court in its rulings was wrong. *White v. Stoner*, 18
Mo. App. 540–550, 551, 552; *Huff v. Railroad*, 17 Mo.
App. 356–360. (2) This suit is on the contract between
the parties, and the first thing to do is to find out what
was the intention of the parties to the contract and, if
possible, to carry it out. *Belch v. Miller*, 32 Mo. App.
387–396.

*Trimble & Braley* for respondent.

(1) The deed to the right of way from the appel-
lant to the respondent contains the only contract
which is in question in this proceeding. The "agree-

ment to convey" was merged in it, and in our investigation of the rights of the parties we are not to go behind the deed. When the deed was executed and delivered the appellant was informed as to the exact location of respondent's railroad, and just which, and how many, of his trees would be destroyed. (2) The conveyance from appellant to respondent is of the right to use the whole surface of the land granted for its railroad. Respondent acquired the right to the exclusive, uninterrupted and unqualified enjoyment of the premises. Until it shall cease to use the land for public purposes the appellant has no more interest in the land conveyed than had he deeded us the fee. The "fruit tree" paragraph does not affect the estate granted. *Railroad v. Potter*, 42 Vt. 265; *Evans v. Haefner*, 29 Mo. 141; 1 Rorer on Railroads, 315, 316; Mills on Eminent Domain, par. 208; 2 Lawson, Rights and Rem., secs. 556–558; *Railroad v. Holton*, 32 Vt. 43; *Hurd v. Railroad*, 25 Vt. 116–121. (3) When the appellant conveyed his land to respondent he severed from the realty the trees in controversy and they became personalty, so far as he was concerned.

ELLISON, J.—This action is for damages arising from the destruction of certain fruit trees. The trial court ruled that plaintiff could only recover one cent damage and he appeals.

The action grew out of defendant's destruction of plaintiff's fruit trees, standing and growing on the right of way which had been deeded to defendant by plaintiff. In the month of April, 1893, plaintiff executed an agreement to convey the right of way "for and in consideration of the sum of $800 and the construction of a railroad over the lands hereinafter described." The agreement contained the following additional provision:

"It is further agreed that all mineral rights on said

lands are reserved for the benefit and use of the said Cooley and Carter, and the right to mine on said right of way, so as not to interfere with the roadbed of the railroad, also all apple trees and timber on said right of way are reserved, and if any fruit trees are destroyed, they are to be paid for at a reasonable price to be hereafter agreed upon."

Afterwards the plaintiff deeded the right of way to defendant by a deed containing the following clauses: "The said grantors reserve all mineral on said right of way and the right to mine thereon so as not to disturb the roadbed of the said railroad.

"All fruit trees destroyed on said right of way to be paid for at a reasonable valuation to be hereafter agreed upon."

The ruling of the court was that plaintiff could only recover the value of the fruit trees for the purpose of wood or other timber, and as there was no evidence as to what such value was, he could only recover nominal damages. This ruling under the express terms of the contract and the deed, was erroneous. The land upon which the fruit trees were standing, was, it is true, deeded to defendant. But the contract was that the fruit trees were to be paid for in addition to what was to be paid for the land. What was meant when it was stated that the value of the fruit trees was to be paid to plaintiff by defendant? Certainly it was the value as fruit trees. They were to be valued at what they were. As well might it be said that a piece of machinery would be valued according to its weight as iron; or, a shoe according to the value of the leather of which it is made; as to say that a fruit tree should be valued as for the timber in it. In *White v. Stoner*, 18 Mo. App. 550, we ruled that the measure of damages for the destruction of fruit trees, was the value of the trees as fruit trees. That case did not arise, as has this, but

the principle, in the respect here considered, is the same.

Defendant contends that the conveyance of the land and reservation of the trees, had the effect of severing the trees from the land, and that they thereby became personalty disconnected from the land. It is probable that this was the view the court took of the case. But our interpretation of the contract and deed together is this: That all fruit trees, not interfering with the use of, and left standing uninjured on, the right of way, were reserved to the grantor; and all fruit trees destroyed were to be paid for by defendant. The plaintiff owns all the fruit trees left uninjured and standing on the right of way; and he must be paid the value of all such as are destroyed. The judgment will be reversed and the cause remanded. All concur.