COOLEY v. KANSAS CITY, PITTSBURG AND GULF RAILROAD COMPANY, Appellant.

'149    487
92a  5240

Division Two, May 9, 1899.

149    487
99a  1713

1. **Appeals**: AFFIDAVIT: OMITTED JURAT.   Under the statute a jurat, omitted from the affidavit upon which an appeal is granted, may be supplied by leave of either the appellate or the trial court, upon a showing that the affidavit had been properly signed and sworn to.

2. ———: ———: ———: OBJECTION AFTER SUBMISSION.   If an affidavit is not such as to warrant an order granting an appeal, the proper procedure is to move to dismiss the appeal before the case is submitted.   Such objection will not be considered after the case has been submitted on its merits.

3. **Land and Land Titles**: RESERVATION OF FRUIT TREES: STATUTORY DEED.   Fruit trees while standing on land are a part of it, and the title to them can neither be sold nor reserved except by statutory deed.  •

4. ———: ———: ———: DESTRUCTION OF TREES: DAMAGE.   Where a landowner has sold a right of way through his land to a railroad company, reserving from the grant the fruit trees thereon, and expressly providing that if any of said trees were destroyed by the railroad it should pay him their reasonable value, the contract segregated the title to the trees from the land, and the railroad became liable to the landowner for their reasonable value as soon as it exercised the license given to destroy them.

5. ———: ———: ———: ———: MEASURE OF DAMAGES.   And in such case the measure of plaintiff's damages is not the difference between the value of the land immediately before and immediately after the destruction of the trees, but the damages are to be measured by the contract which provided that the trees were to "be paid for at a reasonable price," and that meant "their value as fruit trees."

Cooley v. K. C., P. & G. R. R. Co.

6. ———: ———: ———: ———: ———: EVIDENCE. In such case persons who are orchardists, or have knowledge of the value of fruit trees in the vicinity, are competent to testify their opinions of the value of such trees.

*Transferred from Kansas City Court of Appeals.*

AFFIRMED.

TRIMBLE & BRALEY, JOHN A. EATON and JOHN W. MC-ANTIRE for appellant.

(1) Fruit trees are not articles of merchandise, and the only proper way to arrive at their value is to compare the value of the land after their destruction with its value before. That being true, the court erred in receiving the conjectural testimony offered by plaintiff as to the value of the trees. Shannon v. Railroad, 54 Mo. App. 223; Dwight v. Railroad, 132 N. Y. 199; Rowe v. Railroad, 102 Ia. 286; Railroad v. Haynes, 1 Kan. App. 586; Railroad v. Hoover, 3 Kan. App. 577; Ward v. Railway, 61 Minn. 449; Lowery v. Rowland, 104 Ala. 420; Edsall v. Howell, 86 Hun. 424; Carter v. Pitcher, 87 Hun. 580; Gorham v. Eastchester, 80 Hun. 290; Hayes v. Railway, 45 Minn. 17. (2) The court erred in restricting the cross-examination of plaintiff's witnesses, and in refusing to require them to answer what was the difference in the value of the land with and without the trees, and especially in refusing to permit them to be asked whether, after computing the number of trees per acre, each acre would be worth the value sworn to multiplied by the number of trees. Martin v. Elder, 32 Ohio St. 287; Railroad v. Andrews, 30 Kan. 590; Coates v. Hopkins, 34 Mo. 135; Blake v. Powell, 26 Kan. 326; Railroad v. Haines, 10 Id. 439; Railroad v. Blackshire, 10 Id. 477; Railroad v. Swinney, 59 Ind. 100; Uniacke v. Railroad, 67 Wis. 108.

Cooley v. K. C., P. & G. R. R. Co.

McREYNOLDS & HALLIBURTON for respondent.

(1)   The affidavit for appeal in this case was amendable in the circuit or appellate court after the appeal.   Bank v. Allen, 68 Mo. 474; Musgrave v. Mott, 90 Mo. 107; State ex rel. v. Lynn, 51 Mo. 114; Norton v. Flake, 36 Mo. App. 698; R. S. 1889, sec. 2114; Finley v. West, 51 Mo. App. 569; Nicholson v. Railroad, 55 Mo. App. 593; Bridge Co. v. Railroad, 72 Mo. 664; Burnett v. McCluey, 92 Mo. 230. (2)   If it was necessary to allege in the petition that Cooley owned the land and fruit trees, the allegations in the petition necessarily imply such facts, and at most it would only be a defective statement and is good after verdict and can not be reached in the manner attempted in this case by defendant. But we must insist the petitions contain every necessary averment.   This is a suit on contract and not for trespass or injury to any inheritance.   R. S. 1889, sec. 2113; Cooley v. Railroad, 60 Mo. App. 640; Buck v. Railroad, 48 Mo. App. 555; Weaver v. Harlan, 48 Mo. App. 319; McDermott v. Clark, 104 Mo. 14; Bank v. Leyser, 116 Mo. 51; Knox v. Brown, 103 Mo. 223; Bassett v. W. U. T. Co., 48 Mo. App. 566; Hurst v. Ash Grove, 96 Mo. 168; Donaldson v. Butler Co., 98 Mo. 163.   (3)   Defendant's attorneys can not get into their minds the fact, that this is not a suit for trespass, but is a suit on a contract wherein the plaintiff seeks to recover what the defendant agreed to pay, to wit, a reasonable value of the fruit trees as they stood there on the ground with a right to grow thereon.   Cooley v. Railroad, 60 Mo. App. 640; White v. Stoner, 18 Mo. App. 550; Graves v. Railroad, 69 Mo. App. 579.   (4)   There was no reason for excluding the testimony of Atkinson, Sprague and Bristow or either of them.   They all showed in their testimony that they knew and were familiar with the orchard in controversy; that they were farmers and had raised fruit trees and had some knowledge of them and their value.   The witnesses

showed themselves competent to testify under the rule as laid down by this court. Railroad v. Dawley, 50 Mo. App. 488; Browne v. Ins. Co., 46 Mo. App. 476; Thomas v. Malinkrodt, 43 Mo. 58.

GANTT, P. J.—This case has been certified to this court by the Kansas City Court of Appeals because of an alleged conflict in the opinion of the Kansas City Court of Appeals with the opinion of the St. Louis Court of Appeals in Shannon v. Railroad, 54 Mo. App. 223. In the latter case the landowner sued the railroad company for damages for the destruction by fire of fruit trees and a hedge belonging to the plaintiff, an adjoining proprietor, and it was ruled that the measure of damages, was the difference in the value of the land of plaintiff before and after the fire.

In the case at bar, however, the suit is upon a contract in which the defendant company obtained a right of way from plaintiff and agreed that if the defendant found it necessary to remove or destroy certain fruit trees then standing on the land, it would pay for them at a reasonable price. We agree with the Kansas City Court of Appeals that the contract by its terms segregated the title to the trees from the land, and that the only question involved is the reasonable value of the trees. To apply the rule laid down in Shannon's case, *supra*, would be to allow plaintiff to recover for damages to land which had become the property of defendant. It seems perfectly obvious to us that the two cases are clearly distinguishable, and the very satisfactory opinion of the Kansas City Court of Appeals is adopted and made a part of the opinion, as fully expressing our views of the law of the case.

That opinion is as follows:

"For a proper understanding of the question raised by the present appeal, the statement of the case made by us when it was here on another occasion and reported in 60 Mo. App. 641, will, we think, be found sufficient. The result of

the former appeal was a judgment here reversing that of the circuit court and remanding the cause.

"After the cause had been remanded to the latter court, the defendant moved to dismiss the same for the reason that no affidavit for an appeal had been filed by the plaintiff and therefore the appeal granted was unauthorized by law, and did not confer jurisdiction upon this court to render said judgment of reversal. To the affidavit upon which the appeal was granted, there was no jurat appended. The circuit court, after hearing evidence as to whether or not the plaintiff's attorney, by whom the affidavit was signed, had made oath thereto before the clerk, overruled the defendant's said motion to dismiss and permitted the clerk to attach the proper jurat to the affidavit. The order granting the appeal was regular on its face, and our attention was at no time called to the defect in the affidavit, either by motion or otherwise.

"Section 2114, R. S. 1889, expressly provides that the omissions, imperfections, defects and variances mentioned in the preceding section (2113), and others of like nature, not being against the right and justice of the matter of the suit, and not altering the issues between the parties on the trial, shall be supplied and amended by the court when the judgment shall be given, or by the court into which such judgment shall be removed by writ of error, or appeal. No reason is therefore seen why the omitted jurat could not have been supplied by leave of either this or the circuit court, even after the judgment of reversal was given by the court. [Bergesch v. Keevil, 19 Mo. 127; Crum v. Elliston, 33 Mo. App. 591.]

"But if we are in error in this, there is still another reason why we will not countenance the defendant's assault on our judgment. St. Louis Bridge Co. v. Railroad, 72 Mo. 664, was where it was objected in the Supreme Court that

the affidavit for the appeal was insufficient.     The court in disposing of the objection said:  'If the affidavit were not such as to warrant the order granting the appeal the respondent should have made his motion to dismiss the appeal before it was submitted.   We will not, after a submission of the cause on its merits, go behind the order granting the appeal to determine the sufficiency of the affidavit on which it was made, or whether any affidavit whatever was filed.'   Adopting and applying, as we must, the rule just stated, it becomes plain that we can not, on the present appeal, go behind the order granting the former appeal, to determine the sufficiency of the affidavit, or whether any affidavit whatever was filed.    We think that under that rule we are concluded.

"The defendant further complains of the action of the court in refusing to grant a continuance of the cause on its application.    The record discloses the fact that the witnesses Wink and Hunt, with the absent witness Davison, 'took the pains to go through the right of way and count up the trees.' The two former testified as to the number, kind and condition of trees that were on the right of way, and that were subsequently cut down by the defendant.    The facts that the defendant proposed to prove by the absent witness Davison were not materially variant from those of the other two named witnesses who did testify.    Besides this, we are not satisfied that the application shows that measure of diligence required by law.    Such applications are always addressed to the discretion of the trial court, with the exercise of which the revisory courts will not interfere, unless it is apparent that there has been an abuse.

"The defendant's objection  that the petition does not state a cause of action can not be sustained.    It appears from the allegation thereof that the plaintiff, while he owned the fee simple title to the land therein described, entered into a written contract with the defendant, for the sale of a right of way over the same, one hundred feet in width, reserving all

the fruit trees standing thereon. If, however, any of such trees should be destroyed by defendant, it was thereafter to pay a reasonable price therefor. It is further therein alleged that the plaintiff subsequently executed a deed to defendant, conveying to it the said right of way, with the same reservation as that contained in the contract already referred to. It is further alleged that the defendant cut down and destroyed a specified number of said fruit trees standing on the right of way so acquired by defendant of plaintiff, and has failed and refused to pay for the same. The trees, while standing on the land were a part of it and the title to them could neither be sold nor reserved, except by statutory deed. [Potter v. Everett, 40 Mo. App. 152; Deland v. Vanstone, 26 Mo. App. 207; Andrews v. Costican, 30 Mo. App. 29; McIlvaine v. Harris, 20 Mo. 458; Railroad v. Freeman, 61 Mo. 80.] The reservation was an interest in the land. While the plaintiff reserved the title to the trees, yet, by the very terms of the contract, he conferred upon the defendant a license to destroy them, if, in clearing out its right of way, it chose to do so. If the defendant destroyed the trees, it was not a trespasser, for this it had the right to do, under the contract, if it so willed. The title to the trees remained in plaintiff unimpaired and until the defendant exercised its license. This operated as divestiture of the plaintiff's title, and fixed the liability of the defendant to pay therefor. The title to the trees did not primarily pass to and vest in the defendant, under the contract and deed, but it did so the moment the defendant exercised the license accorded to it by said instruments. The ownership of the trees at the time they were taken by the defendant, if not expressly alleged, is plainly inferable from the other facts alleged, and hence, we think, the petition is sufficient, and certainly so, after judgment.

"The defendant further objects that the court erred in permitting the plaintiff to ask the witnesses what was the

value of the fruit trees cut down and destroyed by defendant, for the reason that such inquiry was not directed to any measure of damages recognized by law. It is the defendant's contention that the proper inquiry of the witnesses should have been as to what was the difference in the value of the land before and after the trees had been destroyed, and in support of this contention cites Shannon v. Railroad, 54 Mo. App. 223, which is bottomed on Dwight v. Railroad, 132 N. Y. 199. This latter case overrules that of Whitbeck v. Railroad, 36 Barbour, 644. In White v. Stoner, 18 Mo. App. 540, which was decided by us, many years before that of Dwight v. Railroad, *supra*, we quoted approvingly from Whitbeck v. Railroad. No further reference need be made to these conflicting decisions than to say that in each and all of them, the party suing was the owner of the land and the trees growing thereon and deriving nourishment therefrom. Here the case is different, for the defendant's ownership of the land was so limited by the reservation in the grant thereof to it, that it did not extend to the fruit trees standing thereon, the ownership of the latter remaining in the plaintiff. The case, then, is one where the title to the soil is in the defendant, and that of the trees in the plaintiff. The two interests in the land, by the terms of the deed, were vested in separate and distinct owners. The case, for this reason, is therefore to be distinguished from the cases just referred to.

"Nor is this a case where the owner of the soil and the trees thereon growing, is suing for damages for the destruction of the latter. Doubtless, the measure of damages of the owner of the land in such case, is the difference in the value of the land before and after the destruction of the trees. But no such rule can apply to a case like this where the ownership of the land is distinct from that of the trees. To apply the rule upon which the defendant insists, would be to allow the plaintiff to recover for an injury to the value of

the land which is the property of the defendant. This is, of course, preposterous. There is no inherent difficulty in the way of determining the value of the trees. The contract of the parties provided that if the trees reserved were destroyed by the defendant, they should 'be paid for at a reasonable price.' The only question, therefore, is, what was their reasonable price? This question is answered by the remark made by Judge ELLISON when the case was here on the former appeal, to the effect that it was their 'value as fruit trees. They were to be valued at what they were.' If the fruit trees in controversy, at the time they were destroyed by defendant, had no market value, then the law allows the next best evidence to ascertain their value. Persons who were orchardists, or had knowledge of the value of fruit trees in the vicinity, were competent to testify their opinions of the value of such trees. [Railroad v. Dawley, 50 Mo. App. 480; Thomas v. Mallinckrodt, 43 Mo. 58; Tate v. Railroad, 64 Mo. 149.] We are therefore of the opinion that the circuit court did not err in rejecting the defendant's offer to prove 'the difference between the value of the land with and without the orchard.'

"Nor do we think the defendant has any just ground to complain of the action of the court, in restricting the cross-examination of the plaintiff's witnesses. After the witnesses had testified as to the value of the trees, the defendant was permitted to inquire of them how many feet apart the various kinds of fruit trees should be planted in the orchard, and the like. Possibly the court might, with propriety, have permitted the cross-examination to have extended further than it did, but that it did not do so is not such error as will authorize a disturbance of the judgment by us. The plaintiff's witnesses having testified as to the value of the several kinds of fruit trees, and the distance they should be planted apart in the orchard, the defendant could, from such data, have easily calculated the number of

trees in an acre of orchard and the consequent value of the same. This was a deduction which could have been appropriately made by counsel and presented in the argument for the consideration of the jury. No serious harm resulted to the defendant from the action of the court in curtailing the cross-examination of the witnesses to the extent already indicated.

"The value of the trees was left to the jury, under the evidence, and we can not say that the verdict is excessive. It has the support of substantial evidence. The judgment will be affirmed. All concur."

For the foregoing reasons given by Judge SMITH, the Presiding Judge of that court, the judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.