SEARS, ROEBUCK AND CO., a Corporation, (Plaintiff) Appellant,

v.

Henry K. HUPERT and Leola Moors, (Defendants) Respondents.

No. 30906.

St. Louis Court of Appeals.

Missouri.

Dec. 19, 1961.

Arthur Kreisman, William B. Anderson, Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, for appellant.

Charles M. Tureen, Blumenfeld, Kalishman & Tureen, St. Louis, for respondents.

WOLFE, Judge.

This is an action in replevin originating in the Magistrate Court of the City of St. Louis. The Magistrate sustained a motion by defendant Leola Moors to dismiss the action, and the plaintiff appealed to the Circuit Court. A like motion was sustained in the Circuit Court, and from the judgment dismissing the case without prejudice the plaintiff prosecutes this appeal.

The action was instituted by filing a "Statement and Affidavit in Replevin" in the Magistrate Court. This statement set forth that the plaintiff was lawfully entitled to possession of a refrigerator wrongfully detained by the defendants, and it set out the other allegations required by Section 533.260 RSMo 1949, V.A.M.S. Recovery of the property and nominal damages were sought. The statement was signed "Sears, Roebuck and Co., by Arthur Kreisman".

Mr. Kreisman was the attorney who represented the plaintiff in the Magistrate Court and in the Circuit Court. Counsel appearing for the plaintiff in this court did not participate in any of the proceedings below.

Appended to the statement was the form of an affidavit as required by subsection 2, Section 533.260, supra. It is as follows:

"State of Missouri ⎫
ss.
City of St. Louis ⎭

"Arthur Kreisman, atty & Agent for Sears, Roebuck and Co., a Corp., Plaintiff, makes oath and says that the facts and allegations contained in the above statement are true, that the property was wrongfully taken, and that plaintiff's right of action accrued within one year, And That He Is Authorized To Make This Affidavit On Behalf Of Plaintiff

"(Seal) *

"Sworn to and subscribed before me this 23rd day of December, 1960    (Signed) Arthur Kreisman
Address 804 Pine Street
"St. Louis 1, Mo.

"(Signed) Wilda B. Kreisman
"Notary Public
"My Com. Exp. Oct. 20th, 1962."

An order of delivery and summons in replevin was issued and executed by taking the refrigerator from Leola Moors, but service was not had upon the defendants. The defendant Leola Moors filed a special entry of appearance to contest the jurisdiction of the Magistrate Court and alleged as her grounds that the Magistrate lacked jurisdiction because the purported signature of Wilda B. Kreisman, Notary Public, appearing on the affidavit, was not in fact her signature, and for the further reason that no seal was affixed to the affidavit.

The Magistrate Court thereafter found that there was no affidavit upon which the Court "could or can acquire jurisdiction". It followed this finding by dismissing the cause without prejudice. The plaintiff appealed to the Circuit Court.

Following the appeal by the plaintiff, the defendant Leola Moors again filed a motion to dismiss in the Circuit Court because of lack of jurisdiction over the subject-matter, in that there was in fact no affidavit as required by the statute. The plaintiff then filed the following:

---

* The word (Seal) is printed, but no seal is affixed.

"Motion of Plaintiff for Leave to Attach Notary Public's Jurat to Statement and Affidavit for Replevin

"1. Comes now, plaintiff and states that the statement and affidavit herein as filed in the Magistrate Court, bore the signature of plaintiff's attorney on behalf of plaintiff, but inadvertently the Notary Public before whome the same was acknowledged, omitted attaching her jurat.

"2. That before any proceedings were had upon defendant's motion to dismiss and before any trial in the Magistrate Court, plaintiff asked leave of the Magistrate to complete the said statement and affidavit for replevin by attaching the Notary Public's jurat; that plaintiff submitted to the Magistrate a brief of authorities showing his right to do so; that said Magistrate erroneously refused to permit the plaintiff to do so and made an order dismissing this suit without prejudice; that said Magistrate refused to make a record that plaintiff had made such request and that the same had been refused.

"Wherefore, plaintiff prays this Court for leave to attach the Notary Public's jurat to the statement and affidavit for replevin herein.

"(Signed)     Arthur Kreisman"

Subsequent to the filing of the above motion a stipulation signed by the attorney for the plaintiff and the attorney for the defendant was filed, and it stated:

"It is hereby stipulated and agreed by and between the parties that the writing in the lower left hand corner of plaintiff's pleading entitled Stipulation and Affidavit in Replevin which purports to be the signature of Wilda B. Kreisman, Notary Public is not in fact the signature of the said Wilda B. Kreisman and that plaintiff's Statement in Replevin is not sworn and subscribed to before a Notary Public."

When the above motions came up for hearing before the Circuit Court, the plaintiff called to the stand Wilda B. Kreisman, the Notary. She testified that Mr. Kreisman signed the statement and affidavit before her, and that it was taken with other papers and put on her desk. She did not know what happened to it after that. She stated that the signature on it was not hers. At the outset of her testimony the following took place. The witness was asked by Mr. Kreisman: "You say this was sworn to before you?" The court then stated, "No, she didn't say that at all." She had in fact not said it, and following the statement by the court Mr. Kreisman asked, "It was signed before you. Was that in the office of Arthur Kreisman?"

She was asked if she was ready to attach her seal and sign the affidavit. An objection was sustained to the question, and this was followed by an offer of proof that she was willing and ready to sign the affidavit and affix her seal, and that she had been willing to so do in the Magistrate Court. The offer of proof was rejected and the court denied the plaintiff's motion for "leave to attach notary seal to affidavit" and sustained defendants' motion to dismiss without prejudice.

■ It is of course the contention of the plaintiff-appellant that the court erred in dismissing without prejudice the plaintiff's petition, and that it should have sustained the plaintiff's "Motion for leave to attach a Notary Public's Jurat to Statement and Affidavit for Replevin". It is conceded that in the absence of an affidavit in a replevin suit before a Magistrate, as required by Section 533.260 RSMo 1949, V.A.M.S., the Magistrate acquires no jurisdiction. We held in Royal Loan Co. of St. Louis v. Darr, Mo.App., 220 S.W. 2d 787, that this was the law as it related to Justices of the Peace, and the same is applicable to Magistrate Courts. Article 5, § 20, Constitution of 1945, V.A.M.S.; Thomson v. Bast, Mo.App., 309 S.W.2d 667. The appellant contends, however, that under authority of Clark v. St. Joseph Ter-

minal Railroad Company, 242 Mo. 570, 148 S.W. 472, and State ex rel. Knapp v. Cowan, 230 Mo.App. 226, 88 S.W.2d 424, the trial court should have permitted the Notary Public to sign the affidavit and affix her seal. The Clark case had to do with an affidavit of appeal then required by statute to effect the appeal and give jurisdiction to the appellate court. The affidavit in that case had no jurat appended, but there was evidence that it had been signed and sworn to before a deputy clerk of the court, who had failed to sign and affix his seal to the affidavit. Following Cooley v. Kansas City, Pittsburg and Gulf Railroad Company, 149 Mo. 487, 51 S.W. 101, the court held that "a jurat omitted from the affidavit upon which an appeal is granted may be supplied by leave of either the appellate or the trial court upon a showing that the affidavit had been properly signed and sworn to." [242 Mo. 570, 148 S.W. 477.] The case of State ex rel. Knapp v. Cowan, supra, related to the affidavit required by statute to be attached to the plaintiff's petition in divorce cases. There it was held that if it could be proven that the affidavit was sworn to and signed by the affiant, an oversight of the Notary to sign and seal the same could be corrected by amendment.

■ The law as stated in these cases does not appear applicable to the facts before us. We are confronted with the stipulation that the " * * * Plaintiff's Statement in Replevin is not sworn and subscribed to before a Notary". When parties agree as to certain facts and enter into a stipulation, they cannot be heard to say on appeal that the facts were other than those stipulated. General Motors Acceptance Corp. v. Vanausdall, 241 Mo. App. 499, 249 S.W.2d 1003. Such a stipulation is a judicial admission constituting an abandonment of any contention to the contrary. Hays v. Missouri Pacific Railroad Company, Mo.Sup., 304 S.W.2d 800.

■ There is, of course, no affidavit unless there was an actual swearing to the facts which it purported to affirm under oath. State ex rel. Knapp v. Cowan, supra; Federal Chemical Co. v. Farmers Produce Exchange, Mo.App., 118 S.W.2d 1067. It should be noted that even though we disregarded the stipulation, nothing was offered to show that the affidavit was sworn to. At no time throughout the hearing did the appellant offer to prove that Kreisman swore to it. In the absence of such proof there was no affidavit, and nothing to amend.

The order dismissing the petition without prejudice is affirmed.

RUDDY, Acting P. J., and HARRY A. HALL, Special Judge, concur.

ANDERSON, P. J., not participating.