**Irene DRAPER, Respondent,**

v.

**Louis C. DRAPER, Appellant.**

No. 23602.

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1962.

Russell D. Roberts, Kirksville, R. M. Gifford, Green City, for appellant.

Bruce Normile, Brown & Normile, Edina, for respondent.

MAUGHMER, Commissioner.

This is an appeal from a judgment modifying a divorce decree. Irene Draper, movant, and Louis C. Draper, defendant, were married on December 3, 1946. Two children, L. C. Draper, Jr. and Lu Ann Draper, were born of the marriage. The marital troubles of this couple apparently became serious early in 1960. In any event, on March 17, 1960, they entered into a separation agreement and property settlement. Thereafter, Mr. Draper filed his petition for divorce and Mrs. Draper answered with a cross bill. On October 13, 1960, a decree of divorce was granted to

Mrs. Draper under her cross petition. We shall set forth that portion of the decree which is involved in the modification order:

"The Court further finds from the evidence and by the agreement of the parties hereto that it would be for the best interests of the two minor children born of said marriage, L. C. Draper, Jr., three and one half years old, and Lu Ann Draper, two and one half years old, that said children should be kept and raised together and that custody shall be divided equally between the mother and father, each having custody for six months out of the year until further order of the court and that said six months periods shall not necessarily run *concurrently* but may be adjusted between the parties as shall best meet the welfare and needs of said children. It is further ordered by the court that while said children are in the custody of one parent the other parent shall have the right of reasonable visitation.

"The Court further orders and adjudges that Plaintiff pay to the Defendant the sum of $65.00 per month during the six months period out of each year that said children shall be in the custody of the Defendant, mother".

On March 2, 1961, Mrs. Draper filed a motion to modify. On May 8, 1961, she filed her amended motion to modify. She therein alleged that the two children, L. C. Draper, Jr. and Lu Ann were then aged three and a half and two and a half years, respectively. She asserted that changes as follows had occurred since entry of the divorce decree: (1) She had recovered from the emotional upset from which she was suffering at the time of the divorce; (2) That she had adequate housing facilities in which to care for said children, whereas, she had inadequate housing at time of the divorce; (3) That the older child becomes nervous and ill when transferred from one home to the other; (4) That defendant husband, since the divorce, has committed moral misconduct and has remarried.

Movant concluded by a statement that the best interests of the children would be served if full custody were given to her.

Evidence was heard on September 27, 1961. Mrs. Draper testified that she was quite upset and nervous when the divorce was finally granted, but that she had recovered, was again normal and could give proper full time care to the children. She stated that immediately after the divorce she and the two children lived in a three room apartment with her sister, that she and the two children slept in a double bed and the sister occupied a couch. However, at the time of the modification hearing Mrs. Draper had become owner of a four room modern house which afforded adequate housing facilities for her and the children.

At this hearing it appeared from Mrs. Draper's testimony that she spent several months in California during 1960, after the date of the separation agreement, but before the divorce. The son L. C. Jr. stayed with his father on the farm. Some time during the spring or summer of 1960, Mr. Draper employed a Mrs. Lydia L. Hartman as his housekeeper and she lived in the house on the Draper farm continuously thereafter until November 17, 1960, when she and Mr. Draper were married. It will be noted this marriage occurred 35 days after the Draper divorce. There was no direct evidence of any immoral conduct as to the present Mr. and Mrs. Draper. However, we believe the evidence offered on this point was properly received even though some of the events took place prior to the divorce. Such evidence is received for whatever light it may cast upon the suitability of the homes now available for the children and because the guiding light in a child custody case is the welfare of the children. As stated by the Supreme Court en Banc. In re Wakefield, 365 Mo., 415, 283 S.W.2d 467, 473:

"We note (in connection with respondents' claim of a fraudulent concealment by petitioner at the time of the original divorce decree) that upon the

hearing of such a motion the court may consider not only changed facts and circumstances, but also material facts existing at the time of the decree but unknown to or concealed from the court. Armstrong v. Armstrong, Mo. App., 185 S.W.2d 845, and authorities there cited."

The function of an appellate court in reviewing a motion to modify was clearly stated by this court in Watkins v. Watkins, 230 S.W.2d 778, 782:

"It is the duty of this court, in a proceeding of this nature, to review the evidence and render such judgment as we think proper under the law and the evidence. In other words, we are not bound by the finding of the trial court. However, it is also the settled rule that the finding of the trial judge on motion to modify should not be lightly disturbed, and should, in fact, be deferred to, unless it is apparently in conflict with a clear preponderance of the evidence and discloses a manifest abuse of judicial discretion."

The husband, L. C. Draper, did not testify. Both parties offered testimony as to good reputation. It appears that defendant is owner and operator of a 200 acre farm.

The trial court took the matter under advisement and on October 3, 1961, entered its judgment sustaining the motion and (1) Granted full care, custody and control of the two minor children to movant, Irene Draper "with right of visitation in respondent Louis C. Draper, at reasonable times, hours and places"; (2) Allowed $65 per month for 12 months in each year as contrasted to the same amount for six months in the divorce decree and (3) $250 as attorney fees.

Appellant husband on appeal says there was no showing of such a change of circumstances as would authorize change of custody and no proof whatever that the father had the financial ability to pay $65 per month for their support or was able to pay the $250 attorney fee.

At the time of the modification hearing Mrs. Draper was employed, earning about $40 per week. Baby sitters were caring for the children during her working hours. We believe that her improved housing situation, recovery from her emotional upset and the marriage of defendant to his housekeeper 35 days after divorce, amounts to a sufficient change in circumstances since the divorce as to justify reexamination as to child custody. These children are now nearing school age. Mrs. Draper lives in Kirksville and Mr. Draper in the country. Children generally, and except for good reason, should not be shifted every few months from one home to another. Usually, unless she is unfit or without a proper home, small children are placed in custody of the mother. The trial court found that the best interests of the children would be served if their full custody were placed with the mother with the father having reasonable visitation rights. We are unwilling to hold that in so doing the trial court abused its discretion, or that such decision is not substantially supported by the evidence. It appears to us, too, to be apparently for the best interests of the minor children.

The modification as to child support is not actually a change in the monthly allowance. Under both judgments the mother was allowed $65 per month while the children were with her. In the divorce judgment this was for six months out of each year and under the modification it was for 12 months. There was no appeal from the amount of the monthly allowance in the divorce case and we presume it was supported by the evidence there heard. Sixty-five dollars for the cost of furnishing support and maintenance for two small children is certainly not more than actually required. It would not seem to be in excess of the father's means, since he owns and operates a 200 acre farm.

Mrs. Draper's attorneys proved up expenses and time used in preparing and presenting the modification matter which justified the allowance of $250. The allowance appears to be reasonable.

No error appearing, the judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.