Edward M. STEPHENS, Plaintiff-Respondent,

v.

BI–STATE DEVELOPMENT AGENCY, a Corporation, Defendant-Appellant.

No. 33309.

St. Louis Court of Appeals.

Missouri.

March 18, 1969.

John A. Walsh, Jr., St. Louis, for defendant-appellant.

Wiley, Craig, Armbruster & Wilburn, Richard D. Mills, St. Louis, for plaintiff-respondent.

HERBERT K. MOSS, Special Judge.

Plaintiff-Respondent Edward M. Stephens filed suit for injuries and damages against Defendant-Appellant arising out of a collision on September 18, 1965, between plaintiff's automobile and defendant's bus. The case was tried to a jury and terminated in a plaintiff's verdict in the amount of $1500.00. Defendant-Appellant has appealed from the judgment of the trial court in accordance with the verdict of the jury.

Plaintiff's petition charged defendant's bus driver with failure to keep lookout, failure to sound warning or to swerve, and turning the bus to the left upon the roadway when such movement could not be made with reasonable safety. Defendant's answer was a general denial and contributory negligence. Plaintiff's verdict directing instruction was based on defendant's failure to keep a careful lookout or failure to signal his intention to turn. Defendant's contributory negligence instruction was predicated on plaintiff's causing his automobile to move to the right when unsafe to do so.

Defense counsel in his opening statement stated one or "maybe two" bus passengers would testify plaintiff's automobile "cut in" on the bus, that other bus passengers would testify that at no time did the bus move left, and some bus passengers would testify the bus "hooked a little to the right" to avoid the automobile.

The undisputed evidence was that the collision occurred in the eastbound lanes on Laclede about 200 feet east of Sarah in the City of St. Louis. The left-front end of the bus and the right-rear of the automobile were damaged. The eastbound curb lane was partly filled with parked cars. The defendant's evidence was that the bus was straddling the broken painted line dividing the curb lane from the center lane, about half in each lane. The automobile was in the course of passing the bus when the collision occurred. The plaintiff testified, following the collision, debris and a part of his bumper were located one and one-half feet to the left of the dotted line; that the plaintiff had been traveling in the center eastbound lane. The jury question was the respective movements of the bus and automobile at or immediately prior to the impact.

This case was tried on Monday and Tuesday, April 8 and April 9, 1968. At 3:10 p. m. on April 8, 1968, the trial court ordered an overnight recess because a witness for plaintiff was unable to appear on April 8, 1968. Trial was resumed on the morning of April 9. The plaintiff completed his case and rested and the defendant presented written motions for continuances and affidavits on account of the absences of defense witnesses Robert M. Smith, bus driver, and Mildred Pulliam, a bus passenger. Plaintiff thereupon stipulated Smith, if present, would testify as set out in his affidavit, which affidavit was then read to the jury and the motion for continuance was denied as to witness Smith. Plaintiff objected to the submission of the Pulliam affidavit to the jury for the reason it was cumulative "as to what the bus driver's affidavit states and also it is cumulative as to some of the facts that other witnesses that Mr. Walsh (defense counsel) is intending to bring in would state." The trial court denied the admission of the Pulliam affidavit as "merely cumulative." The trial court also overruled defendant's motion for a continuance based on the absence of witness Pulliam.

Bennie Matthews, on the afternoon of April 9, a bus passenger, then testified for the defense after which defense counsel in open court announced "the rest of my witnesses are not going to be here," and orally moved for a continuance "based on the absence of witnesses," which oral motion was denied by the Court. The record does not further identify "my witnesses" nor delineate their testimony.

In Point 9, Motion for New Trial, defendant complains the Court erroneously refused "defendant's motion for continuance based upon the unavailability of a witness, Mildred Pulliam, and accompanied

by an affidavit demonstrating her necessity to defendant's proper defense, the facts to which she would testify if present and that due diligence has been used to procure her attendance." Under "Points and Authorities" Defendant-Appellant's brief states "under all the circumstances taken as a whole, including the absence of all defendant's witnesses save one for various reasons outside the control of counsel, the Court abused its discretion in denying every one of defendant's motions for continuance." We now rule Defendant-Appellant preserved for review by this Court, only the ruling of the trial court denying a continuance on account of the absence of witness Pulliam as stated in Grounds 9 of the Motion for New Trial. See Supreme Court Rule 83.13, V.A.M.R.

With respect to the movement of the bus and the automobile, bus driver Smith's affidavit as read to the jury stated the bus, after leaving Sarah Avenue, drove at all times in a manner straddling the broken painted line dividing the curb lane from the center lane, that plaintiff's automobile started to pass the bus and in doing so straddled the center line and driving partially on the wrong side of the road; that the plaintiff cut suddenly to his right without signal or warning, striking the left-front side of the bus with the right-rear side of his automobile; that at no time did the bus move to the left as the automobile was passing.

The plaintiff's objection to the submission to the jury of the affidavit of defense witness Pulliam was sustained by the trial court "as merely cumulative". This affidavit stated Pulliam was served on April 4, 1968, at which time she ·indicated she was a heart patient but could appear; that on April 8, she reported to defendant that her doctor had ordered her to stay home. Her testimony according to the affidavit would be she was a bus passenger seated on the right side of the bus, that as the bus was driving along about two feet from the automobiles parked at the curb, the bus made a "sudden and limited swerv-

ing or turning motion to the right" at which time she saw the top of the automobile cutting diagonally across the front of the bus and instantaneously thereafter the collision occurred; that when she saw the automobile it was less than a yard from the bus and the bus moved as far right as possible to avoid the automobile. The affidavit also states the affiant knows of no other person not an agent of defendant and not related in the jury's eyes to the parties of this suit whose evidence or attendance he could have procured at this term of court by whom he could so fully prove said facts.

Defendant's witness Bennie Matthews, a bus passenger on the left side of the bus, testified he did not see the automobile before the collision, that just before the collision he was "making ready to stand up," the bus went to the right and that was the reason "I slung into the seat." The defendant produced no other witnesses as to the accident.

 This Court has heretofore ruled every intendment is in favor of the trial court's ruling on a motion to continue. Krieber v. Krieber, Mo.App., 420 S.W.2d 376. Supreme Court Rule 65.04(2) requires from the applicant for a continuance "facts showing reasonable grounds of belief that the attendance or testimony of such witness will be procured within a reasonable time." It should be observed the Pulliam affidavit is totally devoid of this requirement. As a general rule in order for the absence of a witness to be grounds for a continuance there must be a probability the testimony can be obtained at a certain future time or within a reasonable time. 17 C.J.S. § 46, page 423.

Furthermore, Supreme Court Rule 65.-04(3) requires the affiant to show "he knows of no other person whose evidence or attendance he could have procured at the trial, by whom he can prove or so fully prove the same facts." The Pulliam affidavit stated the affiant knew of no other person not an agent of the defendant

whose evidence could be procured. Appellant-Defendant argues substantial justice was subverted by refusal to grant a continuance because as a practical matter the testimony of the bus driver, an agent and employee of the corporate defendant, requires corroboration before it will be taken seriously by the jury, that the testimony of defense witness Bennie Matthews was valueless, and that because of circumstances beyond anyone's control other witnesses, not identified in the record, were not available to defendant.

Respondent cites Cash v. Wysocki, Mo. App., 229 S.W. 428. In the Cash case the application was for a continuance to procure the deposition of a witness who would testify that defendant's representations in regard to his farm were in fact true. The Court in sustaining the trial court's refusal to grant a continuance observed the testimony of the witness to be deposed would have been merely cumulative to the testimony of the defendant himself, and the refusal rested in the discretion of the trial court. From the reported opinion in the Cash case, it appears as a result of the denial of the continuance defendant had no witnesses other than himself to testify that his representations were true.

In Cooley v. Kansas City, P. & G. R. Company, 149 Mo. 487, 51 S.W. 101, cited by both parties, the facts were that two witnesses testified as to the numbers of, kinds and conditions of trees cut down by the defendant on a right-of-way. The facts to be proved by absent witnesses were not materially variant from those who did testify. The Court in sustaining the trial court ruled the application for continuance is always addressed to the discretion of the

trial court with which the revisory court will not interfere unless an apparent abuse. McGirl v. Wiltz, Mo.App., 148 S.W.2d 822, and Chambers v. Chambers, 297 Mo. 512, 249 S.W. 415, cited by appellant were reviewed but are in no wise controlling because of entirely different factual situations than the case at bar.

Appellant also argues notwithstanding any deficiencies in the formal written motion for continuance, the trial court should have passed the case in progress from the middle of one afternoon to the next morning because of witness absence. Bearing in mind the only matter preserved on appeal in this case is the motion for continuance on account of the absence of Pulliam upon her doctor's orders, the record again is totally devoid of any proof by defendant that Pulliam, not available on April 9, would have been available on April 10, hence appellant's argument in this respect fails.

This Court now rules against Defendant-Appellant for two reasons: (a) The facts to be proved by witness Mildred Pulliam were not materially variant from those facts testified to by Robert Smith and Bennie Matthews; (b) The defendant with respect to the Pulliam affidavit violated Supreme Court Rule 65.04(2) in that he did not show her testimony would be procured within a reasonable time; that he violated Supreme Court Rule 65.04(3) in that he did not show "he knows of no other person whose evidence * * * he could have procured."

Judgment affirmed.

RUDDY, P. J., and WOLFE, J., concur.