Barbara June KELCH (Martin), Plaintiff-Appellant,

v.

Wayne KELCH, Defendant-Respondent.

No. 33779.

St. Louis Court of Appeals, Missouri.

Nov. 24, 1970.

Rehearing Denied Dec. 30, 1970.

Elliott & Marks, St. Louis, for plaintiff-appellant.

McIlroy & Millan, Bowling Green, for defendant-respondent.

DOERNER, Commissioner.

Respondent's motion to modify a decree of divorce regarding the custody of the minor children of the parties was sustained, and appellant appealed. Asserting as her jurisdictional grounds that her constitutional rights had been violated appellant appealed to the Supreme Court, but that court ruled adversely to her on those issues and transferred the case to this court. 450 S.W.2d 202.

Married to respondent in 1961, appellant was granted a decree of divorce on October 18, 1965, and awarded the general custody of their minor children, Lisa and David, (aged 6 and 4 respectively, at trial time) as well as child support. On May 6, 1968 respondent filed his motion to modify the decree so as to award custody to him, on the grounds that appellant " * * * is an unfit and improper person to have the care and custody of said minor children by various acts and abandonment of the children at various times * * *." Appellant filed a denial of the pertinent grounds of respondent's motion on May 24, 1968. On August 19, 1968, the court docketed the respondent's motion for trial on September 26, 1968, and notice thereof was given to the parties. On September 26, 1968, the day the matter was set for trial, appellant filed what was titled "Motion for Change of Venue," actually a disqualification of the judge, in which it was alleged that the opposite party, the respondent, and his family, had an undue influence over the mind of the judge. The trial judge denied that motion, whereupon appellant immediately thereafter filed an application for a continuance on the grounds (1) that one of appellant's trial counsel, Forriss D. Elliott, was unexpectedly called out of the State on legal matters in which said attorney represented an agency of the United States Government and could not be present to try or assist in the trial; and (2) that certain named witnesses, all of whom resided out of the State, would testify as to appellant's " * * * good moral character, her fitness as a mother, her ability as

a housekeeper and cook and her ability to care for the minor children * * *," and that appellant " * * * has attempted to contact each of the said material witnesses and has discovered that each can be available within a reasonable time from September 26, 1968, but that said witnesses cannot be available to testify on said date as aforesaid." The trial court likewise overruled that application, and trial on the merits began. After a day and a half of hearing testimony the trial court, as stated, sustained respondent's motion to modify the decree, granted him custody of the two children, and relieved him of the support order.

The cited opinion of the Supreme Court, of course, effectively eliminates from consideration appellant's claims that the trial court's denial of her motion to disqualify and her application for a continuance abridged her constitutional rights. But there remains for our determination the questions of whether the Court erred in overruling either appellant's motion or her application.

■ Civil Rule 51.03(b), V.A.M.R., permits the disqualification of a judge, and Civil Rule 51.06 governs the contents of the motion and the time when it must be filed. Paragraph (c) of Rule 51.06 provides that a motion to disqualify " * * * must be filed within five days after information and knowledge of the existence of the cause alleged was acquired and not less than five days before the date set for trial on the merits * * *." As the Supreme Court pointed out in its opinion disposing of this appeal in that Court (450 S.W.2d 205), appellant's motion was not timely filed since it was not filed until the date of trial. The same paragraph of Rule 51.06 requires that " * * * Notice must be given to all parties before the application is filed." As the Supreme Court also pointed out, no notice as so required was given to respondent.

Furthermore, the motion for disqualification was deficient as to content. Paragraph (a) of Rule 51.06 requires that a

party who seeks to disqualify a judge must set forth in his motion "when he obtained his information and knowledge of the existence * * *" of the grounds upon which he bases such disqualification. Lack of such an allegation, as in the instant case, is in itself grounds for denial of a motion for a change of venue or to disqualify a judge. Raming v. Metropolitan St. Ry. Co., Mo., 50 S.W. 791; St. Louis, C. G. & Ft. S. Ry. Co. v. Holladay, 131 Mo. 440, 33 S.W. 49. Furthermore, Rule 51.06(a) requires that the party seeking the disqualification, or his agent or attorney, must annex to the motion an affidavit " * * * to the truth of the petition * * *." The affidavit annexed to appellant's motion, made by her counsel, stated that the facts contained therein were true " * * * to the best of his knowledge and belief." Our appellate courts have repeatedly said that the insufficiency of such an affidavit is hardly open to question. Erhart v. Todd, Mo., 325 S.W. 2d 750; George L. Cousins Contracting Co. v. Acer Realty Co., Mo.App., 110 S.W.2d 885; Industrial Acceptance Corp. v. Webb, Mo.App., 287 S.W. 657. For the reasons noted it is beyond dispute that the trial court did not err in denying appellant's motion to disqualify.

■ We are likewise of the opinion that the court did not err in denying appellant's motion for a continuance, filed immediately after her motion for disqualification had been overruled. Such a matter rests largely in the court's discretion, and while the discretion exercised by the court is judicial in nature and reviewable on appeal, every intendment is in favor of the court's ruling. Kinsella v. Kinsella, 353 Mo. 661, 183 S.W. 2d 905; Krieber v. Krieber, Mo.App., 420 S.W.2d 376. As to the first grounds, the fact that Mr. Elliott, described in the application as "one of the trial counsel" for appellant, could not be present "to try or assist in the trial" of the case because he had been " * * * unexpectedly called out of the State on legal matters in which said attorney represents an agency of the United States Government * * *" did not, in

and of itself, compel a continuance. Savings Finance Corp. v. Blair, Mo.App., 280 S.W.2d 675; Krieber v. Krieber, supra. And a review of the transcript shows that Mr. Murry A. Marks, another member of the law firm of Elliott and Marks, was thoroughly familiar with the facts in the case and conducted the trial on appellant's behalf in a highly competent manner. Regarding the second grounds, the absence of certain named witnesses, the application for a continuance did not comply with the requirements of Civil Rule 65.04, in that it failed to show " * * * due diligence upon the part of the applicant to obtain such witness or testimony." The time when appellant contacted the witnesses and discovered that they could not be present on the day the case was set for trial was not stated, although appellant had known of the trial date for well over a month. Had appellant been diligent, she had ample time in which to obtain the deposition of those witnesses who could not appear. Chambers v. Chambers, 297 Mo. 512, 249 S.W. 415.

The application was also deficient in that it lacked the allegation, required by Rule 65.04, that the appellant " * * * knows of no other person whose evidence or attendance he could have procured at the trial, by whom he can prove or so fully prove the same facts." Stephens v. Bi-State Development Agency, Mo.App., 439 S.W.2d 252. The "facts" about which it was claimed the missing witnesses would testify were alleged to be appellant's " * * * good moral character, her fitness as a mother, her ability as a housekeeper and cook and her ability to care for the minor children * * *." Despite the statement in the sworn application that the missing witnesses could not appear to testify on the day the case was set for trial the record discloses that two of them, Bonnie Scott and Orville Woods, did in fact appear when the appellant presented her evidence on September 27. And the record further shows that those two witnesses, together with at least five others, testified to some or all of the matters which appellant had alleged would be testified to by the two witnesses named in the application, Daisy Lefler and Karen Hughes, who did not appear. Thus the testimony of those two witnesses was merely cumulative, an insufficient grounds for a continuance. Chambers v. Chambers, 297 Mo. 512, 249 S.W. 415; Cooley v. Kansas City, P. & G. R. Co., 149 Mo. 487, 51 S.W. 101; Stephens v. Bi-State Development Agency, Mo.App., 439 S.W.2d 252. Rather than showing any abuse of discretion we are of the opinion and rule that the trial court's denial of appellant's application was eminently proper and correct.

In its judgment the trial court found that a change of circumstances had occurred and that it was in the best interest of the children that the decree be modified as to their custody. Appellant asserts that the trial court erred in finding that there had been such a change of condition as to warrant the modification of the decree. Upon the record as a whole that contention is not tenable. It is axiomatic that where a matter involving minor children is before a court the guiding light to be followed in reaching a decision is the welfare and best interests of the children. Draper v. Draper, Mo.App., 364 S.W.2d 27; Tootle v. Tootle, Mo.App., 329 S.W.2d 218. The maxim that "all things being equal" the custody of minor children of tender years should be given to their mother is premised on the assumption and belief that ordinarily their mother is better able to nurture, care for and rear them. Keith v. Keith, Mo.App., 95 S.W.2d 669; R— v. E—, Mo.App., 364 S.W.2d 821; Clinton v. Clinton, Mo. App., 444 S.W.2d 677. It follows that if conduct and deportment subsequent to the decree show to the contrary, and that the welfare and best interests of the children would be better served by a change of custody, such a situation in and of itself is such a change of condition as will justify the court's modification of the decree in that respect. Derringer v. Derringer, Mo. App., 377 S.W.2d 513; Yount v. Yount, Mo.App., 366 S.W.2d 744. That the issues

which the trial court was called upon to decide were appellant's fitness as custodian of the children, as well as their welfare and best interest, is shown by respondent's motion and appellant's denial thereof, and by appellant's application for a continuance that testimony of her missing witnesses would relate to appellant's " * * * good moral character, her fitness as a mother, her ability as a housekeeper and cook and her ability to care for the minor children * * *."

Next appellant maintains that the "verdict" of the trial court was against the weight of the evidence. We do not agree. Appellant's own evidence disclosed that since the dissolution of the marriage on October 18, 1965, and until her remarriage on February 13, 1968, appellant constantly changed her residence, living successively in Louisiana, Missouri; Quincy, Illinois; Rock Island, Illinois; Arkansas; Camden, Missouri; Quincy; St. Louis, Missouri; Davenport, Iowa; Quincy; Rock Island; Quincy; and Fort Madison, Iowa. During that period appellant frequently placed the children in the custody of respondent, her brother, or others. On one occasion in 1966 respondent was visiting the children at the appellant's apartment in Louisiana when she borrowed his car and left, ostensibly to buy groceries, according to appellant, and did not return. When appellant did not return by noon of the next day respondent communicated with Robert J. Askey, appellant's prior husband, and turned over appellant's two children by that marriage to Askey. Respondent placed Lisa and David in care of his mother and sister, and did not hear from appellant for approximately five months. Respondent subsequently found his car on a parking lot in Quincy. Appellant's version of her departure was that she and respondent had agreed to remarry and that she had borrowed respondent's car to purchase a wedding dress in Quincy. While there, she related, she read in the paper that Motorola was hiring, and she decided to work there and not go through with the marriage. While appellant's testimony differed with that of respondent and his witnesses as to the time the children remained in respondent's custody following appellant's departure, she did not deny respondent's testimony that appellant left the four children without any prior notice to respondent. In that connection it may be added that Askey testified that appellant has not seen the two children of her first marriage since sometime in 1966.

On behalf of respondent there was testimony from independent witnesses that the appellant was a poor housekeeper, that her apartment was dirty and messy, and that soiled clothing was allowed to accumulate. Others testified that the children, while in appellant's custody, did not receive proper or adequate food; that neither their persons nor their clothing was kept clean; and that their health suffered from lack of care and attention. There was also evidence that parties were frequently held in appellant's apartment, while the children were with appellant, and that she also stayed out on dates until the early hours of the morning. And there was evidence from respondent's witnesses that while living in Louisiana one man, on at least two occasions, slept with appellant in her bed and made love to her, while the children were living with appellant; and that two other men had sexual intercourse with appellant, one in the apartment where the children were living.

In support of her argument as to the weight of the evidence appellant virtually ignores respondent's evidence and stresses only her own by which she sought to explain or refute that of respondent. While there was conflicting evidence, our review of the record reveals that in numerous instances the discrepancy was between respondent's independent witnesses on the one hand and appellant on the other. Civil Rule 73.01(d) requires that on review " * * * due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses," for as was aptly said of the witnesses in Asbell v. Asbell, Mo.App., 430 S.W.2d 436,

439, the trial judge " * * * has looked upon their countenances, observed their conduct, given ear to their inflections and heard the tenor and tone of their testimony. * * *"

In her final point appellant suggests and implies that the trial judge was biased and prejudiced against her because she had married a man of another race, a Negro, and that it had influenced his decision against her. Appellant does not point to anything in the record to substantiate her argument in that regard, and our painstaking review of the transcript utterly fails to disclose anything which might conceivably be said to support it. On the contrary, we are convinced, as the trial court concluded, that the evidence to which we have referred amply demonstrated that the welfare of the children would best be served by the transfer of their custody to respondent.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.